AMARIAH A. TAFT *vs.* IRA E. BOWKER & trustee.

Worcester. Oct. 8, 1881. — March 1, 1882. LORD, W. ALLEN & C. ALLEN, JJ., absent.

The delivery of a savings-bank book, although unaccompanied by a written assignment, and with the intention only that it shall be held as collateral security for the payment of a debt, transfers an equitable title to the deposit represented by the book, which will prevail against a subsequent attachment of it by trustee process.

TRUSTEE PROCESS. The Milford Savings Bank, summoned as trustee, answered that, at the time of the service of the writ, December 15, 1879, there stood on its books to the credit of the defendant the sum of $292.95. James F. Sawin appeared as claimant of the funds in the hands of the trustee. Trial between the plaintiff and the claimant, the defendant having been defaulted, in the Superior Court, without a jury, before *Aldrich*, J., who reported the case for the determination of this court, in substance as follows:

The claimant testified that, on August 24, 1874, he lent the defendant $420, and took his promissory note for that amount payable on demand, with Bowker's bank-book as collateral security; that there was no written assignment of the book.

The defendant testified: "I saw Sawin, and said I wanted to borrow money. He said he would lend me some if I would secure him. I told him I could give him my bank-book in addition to my note. He let me have the money, and I gave him my note and delivered this bank-book as security, if I did not otherwise pay him. I gave him the bank-book as security for the payment of the note."

The first notice the bank had that the claimant held the defendant's deposit book, or that he made any claim to the deposit, was by a letter from the claimant, dated December 12, 1879, which was received by the treasurer of the bank about an hour before the service of the trustee writ.

Under date of August 24, 1874, the defendant signed and gave the claimant a written order, of which the following is a copy: "To the treasurer of the Milford Savings Bank. Pay to James F. Sawin or his order, of Natick, Mass., the amount of

deposits and interest that are due on my deposit-book No. 633, and all amounts that may become due until further notice from me." But it was admitted at the trial that this order was not written and delivered until December 24, 1879. The first deposit made by the defendant was on April 5, 1856, and the last on February 13, 1865.

"Upon this evidence, I found as a matter of fact that there was no assignment (prior to the service of the trustee process) to Sawin of the funds in the bank belonging to Bowker, and that all the parties intended was that the book delivered by Bowker to Sawin should be held by the latter as collateral security, and that the delivery of the book was not accompanied by any assignment of the fund represented by the book. I therefore found the claimant had not maintained his claim, and ordered the trustee to be charged upon its answer."

If the above finding and order were authorized by the evidence, they were to be affirmed; otherwise, a new trial was to be granted.

*W. S. B. Hopkins & G. G. Parker*, for the claimant.

*T. G. Kent*, for the plaintiff.

FIELD, J. The report states that, "upon this evidence, I found as a matter of fact that there was no assignment (prior to the service of the trustee process) to Sawin of the funds in the bank belonging to Bowker, and that all the parties intended was that the book delivered by Bowker to Sawin should be held by the latter as collateral security, and that the delivery of the book was not accompanied by any assignment of the fund represented by the book. I therefore found the claimant had not maintained his claim, and ordered the trustee to be charged upon its answer."

It is manifest that the learned justice means by this language that he found that there was no express assignment of the fund, and that no writing was executed and delivered which in legal effect was an assignment of the fund, and that he ruled, as matter of law, that a delivery of the bank-book by Bowker to Sawin, with the intention that it should be held by Sawin as collateral security for the payment of Bowker's debt, did not constitute a valid equitable assignment of the fund as against the trustee process.

That a delivery of a savings-bank book with the intention of transferring the title to the money deposited transfers the equitable title to the deposit has been decided in *Pierce* v. *Boston Five Cents Savings Bank*, 129 Mass. 425.

That the book was delivered with the intention that it should be held as collateral security does not affect the application to this case of the principle established by that decision. Such an equitable title must prevail against the trustee process. *Norton* v. *Piscataqua Ins. Co.* 111 Mass. 532. *New trial ordered.*