MASSACHUSETTS SHEEP CO., RESPONDENT, v. HUMBLE,.
APPELLANT.

(No. 2,448.)

(Submitted November 6, 1907.  Decided November 18, 1907.)

[92 Pac. ·527.]

*Conversion—Sheep—Chattel   Mortgages—Description—Identifi-*
*cation—Evidence—Exclusion—Correct   Ruling—Wrong   Rea-*
*son.*

Conversion—Sheep—Chattel    Mortgages—Description—Identification—Evi-
dence.
  1.  The description of a band of sheep, in a mortgage, was "1,000·
  head of sheep on the range on Medicine Lodge creek, in Fremont
  county, Idaho, together with the wool and increase." The sheep·
  were thereafter purchased from the mortgagor and incorporated in
  the buyer's band. The mortgagee thereafter, under foreclosure pro-
  ceedings had the sheep, alleged to have been mortgaged, seized and
  sold.  In an action in conversion the defendant offered the above
  mortgage in  evidence,  together with the  proceedings had by the
  sheriff.  This evidence was excluded.  *Held,* that in excluding the evi-
  dence the court acted properly, the description in the mortgage being
  wholly insufficient to identify the subject thereof, and that, therefore,
  no additional evidence in this respect having been offered, defendant
  had failed to connect himself with the mortgagor's title, and in
  seizing them, occupied the position of a naked trespasser.
Same—Evidence—Exclusion—Correct Ruling—Wrong Reason.
  2.  Where the ruling of the district court in the exclusion of evi-
  dence in an action in conversion was correct, the fact that it stated
  a wrong reason therefor was immaterial.

*Appeal from District Court, Missoula County; F. C. Webster,.*
*Judge.*

ACTION by the Massachusetts Sheep Company against J. A.
Humble.  From a judgment for plaintiff, and from an order
denying a new trial defendant appeals.  Affirmed.

*Messrs. Marshall & Stiff,* for Appellant.

*Mr. John M. Evans,* and *Mr. Elmer E. Hershey,* for Re-
spondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover damages for the wrongful conversion by the defendant of seven hundred and fifty-one head of sheep, consisting of ewes and lambs, alleged to belong to plaintiff and to be of the value of $3,113. As a part of this cause of action it is alleged, further, that the ewes and lambs so taken were at the time of the conversion ranging with other ewes and lambs belonging to plaintiff in Fremont county, Idaho; that the defendant drove all of them from their accustomed range and held them for two days without food and care; that in separating those taken from the herd the defendant took many ewes, leaving their lambs, which thereafter died; that he also took many lambs, leaving their dams behind, which thereafter, having been returned to the range, wandered off in search of their lambs and were lost. It is alleged that plaintiff was damaged in this behalf to the amount of $1,000.

The answer puts in issue the title of the plaintiff, and then proceeds to justify the taking by alleging, in substance, that on December 19, 1903, the sheep in controversy belonged to one S. J. Tillman; that on that date, having become indebted to defendant in the sum of $1,500 by promissory note, the said Tillman delivered to defendant his chattel mortgage, executed according to the law of the state of Idaho, by which he hypothecated one thousand head of sheep, including the ewes described in the complaint, with their natural increase, running on the range in Fremont county, Idaho, to secure the payment of said note and interest; that the lambs mentioned in the complaint were the natural increase of these ewes; that the mortgage was duly recorded in Fremont county, Idaho, wherein said sheep then were and thereafter remained; that thereafter, on March 16, 1905, the said note, principal and interest, being due and unpaid, the defendant caused the sheriff of Fremont county, Idaho, to foreclose the mortgage for the satisfaction thereof; and that this officer having, on March 16, 1905, seized the said ewes and their lambs, thereafter, on March 25, 1905, sold them

at public sale, in conformity with the laws of the state of Idaho in such cases made and provided, to satisfy the amount of the note, and not otherwise, and applied the proceeds to that purpose.

By agreement of the parties the affirmative allegations of the answer were deemed denied. The trial resulted in a verdict and judgment for plaintiff. The defendant has appealed from the judgment and an order denying him a new trial.

From the evidence introduced by the plaintiff it appears that S. J. Tillman, claiming to be the owner of fifteen hundred head of sheep in charge of a herder on the range in Fremont county, Idaho, sold them to plaintiff for a consideration fixed at $5,000. Payment was to be made in the stock of plaintiff company. When the stock was issued to Tillman, which was done on December 18, 1903, he was made the manager of the plaintiff. As it turned out afterward, Tillman only had a one-fourth interest in a herd of sheep in Fremont county, Idaho, owned jointly by him and one Sedman. After the sale to plaintiff the Tillman-Sedman partnership was dissolved and a division made of the herd. Tillman's share amounted to three hundred and ninety-six ewes and eighteen lambs. At that time the plaintiff had a herd of about two thousand running on the same range. The Tillman sheep were turned over to the plaintiff's herder, and the whole herd branded or marked with paint. The sale was made on November 23, 1903. Tillman's sheep were incorporated in the company herd between the 1st and 10th of December. This was done by Tillman immediately upon dissolution of the Tillman-Sedman partnership, and the herder who had been in charge of the partnership herd was put in charge of plaintiff's herd.

The plaintiff having closed its case, the defendant offered in evidence the chattel mortgage and note referred to in the answer, together with the record of the proceedings of the sheriff of Fremont county, Idaho, made in conformity with the statutes of that state. Copies of the laws of Idaho, touching fraudulent transfers, and those prescribing the procedure to be pur-

sued by the sheriff in the foreclosure of chattel mortgages, were also offered. The purpose of this evidence was to support defendant's contention that, though the sale was made by Tillman to the plaintiff, yet it had not been accompanied by an immediate delivery, followed by an actual and continued change of possession, and was therefore fraudulent and void as to the defendant, who had in good faith become Tillman's creditor and an encumbrancer of the subject of the sale while Tillman was still ostensibly in possession of it. To the introduction of this evidence the plaintiff objected that it was immaterial and irrelevant; the description in the mortgage itself not being sufficient to identify the property hypothecated by it. The description in the mortgage is as follows: "One thousand head of sheep on the range on Medicine Lodge creek, in Fremont County, Idaho, together with the wool and increase." No additional evidence having been offered for this purpose, the objection was sustained. The court ruled, further, that it was immaterial, because plaintiff's evidence, since defendant admitted its truth, justified the legal conclusion that the delivery made by Tillman to the company, and the change of possession following it, were a sufficient compliance with the statute. Thereafter the hearing of evidence was confined to the question of damages. Defendant's exception to this ruling of the court presents the only question submitted for decision.

Counsel for defendant cite in their brief and discuss many of the decisions of this and other courts construing and applying statutes relating to fraudulent transfers of personal property, pointing out the fact that the statute of Idaho (Rev. Stats. 1887, sec. 3021) is substantially the same as our statute on the same subject (Civ. Code, sec. 4491). They insist that the evidence was competent and material, and that the question whether the requirements of the statute had been met by plaintiff and Tillman in consummating the sale should have been submitted to the jury under suitable instructions. It may be conceded, however, that the court was wrong in drawing the inference it did from the uncontroverted evidence of the plaintiff, yet, in

the absence of some evidence tending to show that the sheep he caused the sheriff to seize and sell under the mortgage were the same as those which Tillman hypothecated to defendant, the defendant failed to connect himself in any way with Tillman's title, and stood, therefore, in the attitude of a naked trespasser. The description contained in the mortgage was clearly insufficient to identify the subject thereof as including the property described in the complaint. It appears clearly from the evidence that plaintiff's herder was in possession of the sheep sold to the company. In order for the defendant to justify the taking of them by the sheriff by his authority, it became incumbent upon him to show that the sheep hypothecated to him by Tillman were the same sheep as those taken by the sheriff. Having failed in this respect to justify the taking, he was without defense on this issue, and the ruling of the court was correct, although it may have, among other reasons, stated a wrong one to justify the ruling.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.