A. D. Roberts and Sophie Levin v. Ruth Friedman, Appellant.

Argued April 25, 1929.

Before TREXLER, KELLER, LINN, GAW-
THROP, CUNNINGHAM and BALDRIGE, JJ.

*Chas. H. Sachs,* of *Sachs & Caplan,* for appellant.—
An assignment of a chose in action in consideration
for a pre-existing indebtedness is valid: 5 Corpus
Juris 932; Bank of Yolo v. Bank of Woodland, 3 Cal.
A. 561.

*Henry Ellenbogen,* and with him *Harry Shapera,*
for appellees.—An assignment given as collateral
security for a pre-existing debt is not enforceable
again'st the superior equities of an attaching creditor:
Ashton's Appeal, 73 Pa. 153; Royer et al. v. Keystone
National Bank, 83 Pa. 248.

OPINION BY BALDRIGE, J., July 2, 1929:

The question for determination is whether an assign-
ment "for a valuable consideration" of a chose in
action as collateral security for a pre-existing debt
is valid.

A. D. Roberts, alias Allen L. Rosenthal, was arrested
and Tsorvas entered bail for his appearance before
the United States District Court for the Western Dis-
trict of Pennsylvania. Roberts deposited fifteen hun-
dred ($1,500) dollars in the hands of Tsorvas to in-
demnify him as bondsman.

Some time during the year 1924, Roberts paid at-
tention to Ruth Friedman, representing himself to be
an unmarried man, and induced her to lend him vari-
ous sums of money which aggregated more than fifteen
hundred ($1,500) dollars. She learned, subsequently,
that Roberts was a married man, engaged in a fraud-
ulent business, and had been indicted in the United
States Court.

In January, 1925, Roberts executed the following as-
signment: "For a valuable consideration which be-
comes effective only after the matter at Pittsburgh in
re Roberts v. U. S. Government case is finally settled
and disposed, I hereby set over, transfer and assign

all my right, title and interest in the sum of fifteen hundred dollars ($1,500), now in the hands of Demus K. Tsorvas of Pittsburgh, Pa., to Ruth Friedman of Detroit, Mich., and I hereby authorize the said Demus K. Tsorvas to pay said fifteen hundred dollars ($1,-500), to said Ruth Friedman, etc.''

Roberts was duly convicted, sentenced to imprisonment in the Federal Penitentiary at Atlanta, after an appeal had been taken and the judgment of conviction affirmed, so that his case was finally settled and disposed of.

Roberts also formed an acquaintanceship with one, Sophie Levin. He borrowed money from her and gave his judgment note, dated March 19, 1925, in the sum of six hundred ($600) dollars, payable in ninety days, and also a note, dated April 20, 1925, in the sum of five hundred ($500) dollars. On February 4, 1927, Sophie Levin caused to be issued a writ of foreign attachment, naming Tsorvas as garnishee, attaching the fifteen hundred ($1,500) dollar funds in his hands.

An issue was framed to determine the ownership of the fund. Ruth Friedman was named defendant and filed an affidavit of defense. A rule was taken to show cause why judgment should not be entered for want of sufficient affidavit of defense and the court, on March 8, 1928, made the rule absolute and judgment was entered for the plaintiff. On March 14, 1928, an amended affidavit of defense was presented to the court. The judgment was stricken off and the amendment allowed to be filed. It is contended that this action was irregular, but there was no exception to the order, and therefore it is not before this court.

The lower court's conclusion was that ''this assignment is not an enforceable contract because it lacks consideration. For this reason the rule for judgment must now be made absolute.'' The assignment of the

chose states that it was for a "valuable consideration." Whether it was for forbearance in instituting an action or some other valuable consideration, we are not informed, and it is not important. It is difficult to get stronger evidence that there was a valuable consideration than that of an expressed acknowledgment over the assignor's signature.

Judge PENROSE in Pierson's Estate, 6 District Reports, page 24, said: "In the present case the existence of a consideration is expressly admitted in the writing itself, which declares that the promise is for 'value received' (Jerome v. Whitney, 7 Johns. 321; Toner v. Taggart, 5 Binney 490; Sidle v. Anderson, 9 Wright 467). This at least creates a presumption which stands until overcome by proof, and, so far as appears, there was no such proof."

Professor Williston, in his work on Contracts, states: "A statement of an existing fact is prima facie evidence of that fact." Section 115-B, Vol. 1, page 248. See also 13 Corpus Juris 367.

A legal presumption was created by the assignor's admission that there was a valuable consideration and as there was no proof to the contrary, the lower court was in error in making the rule absolute on the ground that the assignment was without consideration.

The appellee raises the question that the assignment, if valid, did not take effect until April 13, 1927, when the United States Government case had been finally disposed of, and, as the attachment was served on February 4, 1927, the lien of the appellee is prior to that of the assignment. The language of the assignor is: "I *hereby* set over and assign, etc." It was a present transfer of a fund that was in esse and definitely designated. The payment was not dependent upon an acquittal or conviction of the assignor, but the money was to be paid "only after the matter

at Pittsburgh ........ is finally settled and disposed of.'' The postponement of payment did not prevent an absolute transfer of all the title the assignor had in the fund on the date of the execution of the assignment. The assignor certainly could not have successfully claimed that he retained title to the fund; he parted with all the title he had, and the attaching creditor stands in no better footing than his debtor: Dix v. Cobb, 4 Mass. 508; Thayer v. Daniels, 113 Mass. 129; Norton v. Insurance Co., 111 Mass. 532; Taft v. Bowker, 132 Mass. 277.

The only assignment of error is sustained and judgment reversed. Costs to be paid by appellee.