WALKER, RESPONDENT, v. JOHNSON, APPELLANT.

(No. 7,860.)
(Submitted April 6, 1939.   Decided June 1, 1939.)
[91 Pac. (2d) 406.]

Mr. *John B. Tansil* and Mr. *Paul B. Bowen,* for Appellant, submitted an original and a reply brief; Mr. *Tansil* argued the cause orally.

*Mr. R. F. Hibbs,* for Respondent, submitted an original and a supplemental brief, and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This action was brought by the respondent for damages for the alleged conversion of certain sheep by the appellant. In his answer appellant made a general denial and then, in a further answer, alleged that he took the sheep in question under a chattel mortgage executed by one W. B. Folsom and given by him to one Dennis Harper, who in turn for a valuable consideration assigned the mortgage to appellant. By cross-complaint appellant sued respondent for certain sheep not accounted for while they were in respondent's possession, and also sued Swanson-Reid Corporation for the value of wool taken from the sheep. The reply denied the allegations of the further answer and the cross-complaint. Appellant and the Swanson-Reid Corporation stipulated that the right to the proceeds of the wool crop in question would be determined by the suit between the appellant and respondent, and no answer was filed by the corporation. Upon the trial appellant waived any right to recovery from respondent on the cross-complaint. The jury returned a verdict for the respondent for the full amount sued for. The appeal is from the judgment rendered on the verdict.

The facts are somewhat complicated, but for the purpose of this decision they may be briefly stated as these: W. B. Folsom and one D. G. Good on October 31, 1927, executed a chattel mortgage to the Swanson-Reid Corporation on 873 head of sheep in Yellowstone county to secure a note for $3,000 and further advances not to exceed an additional $3,000. A renewal affidavit was filed by the corporation on December 9, 1929, showing a balance due on the mortgage of $285.35. On September 23, 1931, W. B. Folsom executed a chattel mortgage describing 225 sheep branded with a black dot, and 200 lambs branded H or a black dot to one Dennis Harper. Harper assigned his mortgage to the appellant on April 18, 1932. The mortgage to

Harper was filed the day after it was executed, and the assignment was filed the day it was made. Prior to the assignment of the mortgage to the appellant, he and Folsom went to see the sheep described in the mortgage at the respondent's farm. Respondent was present when they examined the sheep, but there is a conflict in the testimony as to what conversation was had regarding them. Prior to the time appellant took the assignment of the Harper mortgage, Swanson of the Swanson-Reid Corporation and a deputy sheriff came to the farm of the respondent and seized the sheep under the Swanson-Reid mortgage, but left them in the possession of the respondent under a keeper's receipt, so that at the time appellant looked over the sheep and before he took the assignment of the Harper mortgage, the sheep had been seized by the sheriff under the Swanson-Reid mortgage and were being held by the respondent for the sheriff at the time of the inspection. On September 8, 1932, the sheriff sold the sheep covered by the Harper mortgage to the respondent under the Swanson-Reid mortgage. It appears from' the testimony that appellant had no actual knowledge that respondent was holding the sheep as an agent of the sheriff at the time he inspected them with Folsom, and that he had no knowledge of the sale to respondent under the Swanson-Reid mortgage until after the sale was made. On October 22, after learning of the sale to respondent, appellant, through the sheriff, seized the sheep in question and subsequently they were sold on sheriff's sale. Respondent bases his title to the sheep and lambs on the sale to him under the Swanson-Reid mortgage.

Many assignments of error are made, but most of them touch directly on the matter of the validity of the Swanson-Reid mortgage, and particularly as to whether the description of the property intended to be mortgaged was sufficient to give notice to subsequent creditors or encumbrancers. The description in the mortgage described the property as ''personal property, situated in the county of Yellowstone, State of Montana, to-wit: 873 head of sheep said property above described being all of the property of the kind described, owned by the mortgagor at the

time of making this mortgage; and this mortgage includes, also, all property of like kind, hereafter and during the life of this mortgage, acquired by the mortgagor by either increase, or purchase, or by exchange, or substitution for property herein described,'' etc. No statement appears in the mortgage as to what marks or brands were on the sheep, nor as to breed or age. No mention is made of the location of the animals other than that they were in Yellowstone county, and nothing is said as to whose possession they were in at the time of the mortgage.

The courts and text-book writers have developed several rules ▮▮ for determination of the sufficiency of the description in a chattel mortgage. The rules are general in nature and are different where the controversy is between the parties to the mortgage from the situation where third parties without actual notice come in. In 11 C. J. 457, it is said: ''As against third persons the description in the mortgage must point out its subject matter so that such person may identify the chattels covered, but it is not essential that the description be so specific that the property may be identified by it alone, if such description or means of identification which, if pursued, will disclose the property conveyed.'' In 5 R. C. L. 423, the rule is stated that ''a description which will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property is sufficiently definite.'' In 1 Jones on Chattel Mortgages and Conditional Sales, Bower's Edition, at page 95 the writer says: ''As to them [third persons], the description is sufficient if it points to evidence whereby the precise thing mortgaged may be ascertained with certainty.'' Here, there is nothing in the description ''873 head of sheep'' from which anyone, the mortgagee or third persons, could ascertain with any certainty what chattels were covered by the mortgage.

In many instances the courts have held the description good where, though otherwise faulty, the mortgage explicitly states that the property is in the possession of the mortgagor, and especially where it is the only property of that kind owned by him. In the present instance the mortgage does not recite in

whose possession the property was. The mortgage might be good if it stated with particularity where the property was, but it merely recites that it was in Yellowstone county. There are thousands upon thousands of sheep in Yellowstone county, and, upon the inquiry suggested by the mortgage, there would be no way of determining what sheep were covered by the mortgage. The only inquiry suggested by the mortgage was that the person inquiring should ask concerning 873 sheep owned by the mortgagor. Not even the mortgagor himself, on that description, could identify his sheep, much less the sheriff if he came to seize them for the mortgagee.

Nor is the recital that the sheep were all of the property of like kind owned by the mortgagor sufficient to cure the defective description. That might be sufficient in the case of some chattels, particularly where the number of them is small or the property is unique, and where from inquiry of others than the parties it might be determined just what particular chattels of that kind the mortgagor owned at the time. In the case of a large band of sheep that was, so far as the mortgage recited, unmarked, it would be a physical impossibility for anyone to identify any large number of the sheep in question as having been the property of the mortgagor on a particular date.

The provision in the mortgage as to increase and after-acquired property was construed in *Hackney* v. *Birely*, 67 Mont. 155, 215 Pac. 642, 644. The provision there was exactly the same as in the present case. The court, in holding that after-acquired lambs were not covered in the mortgage, said: "In order that a chattel mortgage upon after-acquired property may be valid as against third persons without notice, the description of the property must be so definite and certain that a sheriff, from the information imparted to him by the very language of the mortgage, may be enabled to identify the after-acquired property intended to be included therein. If the sheriff from the terms of the mortgage itself is unable to identify the after-acquired property, the mortgage will be deemed void as to third persons respecting that property." The language in the *Hack-*

*ney Case* is applicable as well to property *in esse* as it is to after-acquired property, but it may be that the language is so broad in that case that it might be misconstrued.

We believe that the rule should be stated that, to be good as against subsequent purchasers or encumbrancers, the description in the mortgage must be sufficiently definite that a third person may from the language of the mortgage and the information given by it, and from the inquiry suggested by it, determine with certainty what property was intended to be included in the mortgage. For example: Where the mortgage description gives the brand of the animals as well as the general description, location, etc., relatively little inquiry would be necessary to determine what animals were included, but even in that case some inquiry would be necessary to determine where the animals were at the time search was made for them, etc. The inquiry must be such as suggested by the mortgage itself, and that inquiry obviously is not inquiry of the parties. It must be inquiry of others than the parties, whose knowledge of the property intended to be covered would be sufficient to enable the identification of the property when coupled with the description in the mortgage. For instance: A mortgage describing a bay gelding, with white feet, named "George," would be a sufficient description ordinarily, as inquiry among the neighbors of the mortgagor would undoubtedly make it possible to identify a particular horse named "George." If the inquiry would have to be made of the mortgagor or the mortgagee, the information might not be reliable, as the mortgagor might claim "George" was a poor horse owned by him, while the mortgagee might try to claim that the horse "George" was the best horse the mortgagor had.

A mortgage of certain property in the possession of the mortgagor at the time of the mortgage has often been held a sufficient description, but under the rule we have given we doubt that in the case of sheep that would be sufficient without a further description. It is hardly conceivable that a description of a certain number of sheep in the possession of the mortgagor would allow determination of the identity of the sheep.

With reference to animals, the rule is properly stated that "a description merely designating animals by species or class and the number mortgaged is insufficient." (14 C. J. S., Chattel Mortgages, sec. 65, p. 674.) This court in *Massachusetts Sheep Co.* v. *Humble,* 36 Mont. 201, 92 Pac. 527, held that a description reading, "1,000 head of sheep on the range on Medicine Lodge creek, in Fremont county, Idaho," was insufficient to identify the property attempted to be mortgaged.

In the case of *Bank of Williston* v. *Gamble,* 148 S. C. 49, 145 S. E. 626, 627, the description was as follows: "Fifty (50) head of cows, located on the above place, (200) head of hogs, (35) mules and (2) horses." The contest was over the mules. The court held: "The mortgage of the Home Bank contains no description of the mules, except the number. It lacks a statement of the color, sex, age, or location of them. Even if the phrase 'located on the above place' may be held to have applied to the hogs and mules as to the cows, it appears in the real estate mortgage which covers *four* places; it is impossible to say what place the description referred to."

Obviously, under the authorities and upon common sense and good reasoning, we must hold that the Swanson-Reid mortgage is void as against subsequent purchasers and encumbrancers. Likewise, any title taken by respondent at the foreclosure sale of the Swanson-Reid mortgage is a nullity as against the appellant. (11 C. J. 732; 14 C. J. S., Chattel Mortgages, sec. 418, p. 1075.)

Respondent urges that even though his title may be defective and void, he was in *actual possession* of the sheep and could prevail in an action for conversion as against a trespasser or mere stranger. We acknowledge such contention to be the correct statement of the rule. (65 C. J. 59.) To sustain his view, respondent contends that the appellant failed to plead or prove a default in the Harper mortgage, which would give him the right to the possession of the sheep and, therefore, when he seized the sheep he was in the shoes of a trespasser. Obviously, if appellant stood in a superior capacity, with respect to the

406

sheep, than a mere wrongdoer, then under the aforestated rule respondent failed to prove a case.

Upon the record, we must proceed with the view that appellant, when he seized the sheep, acted by virtue of a valid and existing mortgage. He introduced in evidence the mortgage of Folsom to Harper, and the assignment thereof to him. The validity of the mortgage and assignment was not attacked by any proof by the respondent, and was only assailed by respondent's counsel in his motion for a directed verdict. It was then argued that the appellant failed to prove consideration for the mortgage and assignment. This court has held that a mortgage itself prima facie imports consideration. (*Morigeau* v. *Lozar*, 81 Mont. 434, 265 Pac. 985.) As to the assignment of the mortgage, we must apply the rule that "where an assignment is absolute it will, until the contrary is shown, be presumed to be upon a sufficient consideration." (5 C. J. 1016; 6 C. J. S., Assignments, sec. 140, p. 1200.) However, we may say in passing that the record discloses testimony, undisputed by respondent, that there was valuable consideration for both the mortgage and assignment.

Section 8252, Revised Codes, provides that a mortgagee is not entitled to the possession of the mortgaged property unless authorized by the terms of the mortgage. Appellant's mortgage had the usual default clause, which provided that "if the said mortgagee shall at any time consider the possession of said property * * * essential to the security of the payment of said promissory notes, then and in such event * * * said mortgagee * * * shall have the right to the immediate possession of said property, and shall have the right at his option to take and recover such possession from any person or persons having or claiming the same," etc. Before appellant commenced foreclosure and seized the sheep, he found them in respondent's possession under a personal claim of right. The existence of this fact alone would, under the above-quoted insecurity clause, entitle appellant to the immediate possession of the sheep. (*James* v. *Speer*, 69 Mont. 100, 220 Pac. 535.)

A mortgagee entitled to the immediate possession of the mortgaged property, has a sufficient interest or right which will entitle him to maintain an action in trover or replevin. (*Reynolds* v. *Fitzpatrick,* 23 Mont. 52, 57 Pac. 452; *Moore* v. *Crittenden,* 62 Mont. 309, 204 Pac. 1035.)

With such a tangible claim of right as appellant possessed in the instant case, we fail to see how he can be placed in the category of a trespasser, or a wrongdoer, or a stranger to the right to the sheep.

Respondent raises the doubt that appellant failed properly to plead his right or justification in taking the sheep, and therefore the court cannot properly go into the matters just disposed of. To answer this we must say that appellant, under his plea of general denial, could properly prove that he, and not respondent, was entitled to the immediate possession of the property alleged to have been converted. (*Currie* v. *Langston,* 92 Mont. 570, 16 Pac. (2d) 708.) Under our view, appellant proved all that was necessary for him to prove, to-wit: that he was not a naked trespasser but a claimant with a valid and legal right in seizing the sheep.

Appellant's motion for a directed verdict should have been granted. The cause is remanded with direction to dismiss the action.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICE ANGSTMAN concur.

ASSOCIATE JUSTICES MORRIS and STEWART:

We concur in the result reached in the above opinion.

Rehearing denied June 19, 1939.