*63 OPINION
By HORNBECK, J.
This is an appeal on questions of law from a judgment of the Common Pleas Court in a partition action decreeing that appellee, The Prudential Insurance Company of .America, held judgment liens prior to a judgment lien of appellant, 'The Buckeye State Building and Loan Company on the share of Jeanette A. Segale Rosselli in an ■undivided estate, and was, therefore, entitled to the fund produced "by the sale of said share under ■court order.
Five errors are assigned but all may be considered upon the one question, whether or not the' court ■erred in entering the judgment to which the appeal is directed.
In April, 1939, plaintiff, Lillian E. 'Segale Shafer, instituted her action in partition in the Court of Common Pleas, Franklin County, alleging that she was a tenant in common and had the legal right to l/8th of the real estate described in the petition. Seven others were made parties-defendants. each of ■whom it was averred was the owner of an l/8th undivided part of ■said real estate. The Buckeye State .Building and Loan Company and ■the Prudential Insurance Company ■of America were made parties-■■defendant as was another judgment creditor, as to which it was ■asserted that they are the holders ■of judgments against the defendants, Jeanette A. Segale Rosselli and Michael Rosselli.
The defendants, The Buckeye State Building and Loan Company and the Prudential Insurance Company of America filed answers and cross-petitions in which they set up their judgment liens which later were made the subject of an agreed statement of facts wherein it appears that all of the following judgments were taken in the Common Pleas Court, Franklin County, Ohio, against Mrs. Rosselli. We hereinafter refer to the Buckeye State Building and Loan Company as Buckeye and the Prudential Insurance Company of America as the Prudential.
In cause No. 140177, the Prudential recovered a judgment in the amount of $1419.88, with interest, of date February 28, 1935; execution was issued thereon about April 10, 1939, and levy made April 12, 1939 on the interest of Mrs. Rosselli in the real estate described in the petition.
In cause No. 140178 the Prudential recovered judgment in the amount of $2446.79, with interest, on March 16, 1934. This judgment was recovered January 11, 1934 and revived by order of the court April 28, 1939. Execution was issued on this judgment on April 29,1939, and prior to May 6, 1939 levy was made upon the undivided interest of Mrs. Rosselli in the real estate described in the petition. A certificate of judgment lien was also issued on said revived judgment and filed with the Clerk of the Common Pleas Court of Franklin County on May 2, 1939.
In cause No. 142363, the Buckeye recovered a deficiency judgment in the amount of $1517.86, with interest. This judgment was recovered May 22, 1934, and on May 9, 1939, a certificate of jrrdgment lien was filed with the Clerk of the Common Pleas Court of Franklin County, Ohio. The levies made upon the execution of the Prudential in cause No. 140177, of date April 12, 1939, and in cause No. 140178, of date on or about May 6, 1939, were prior to the filing of the answer and cross-petition of the Prudential but subsequent to the institution of the partition suit.
The question presented is whether or not the court erred in deter *64 mining that the liens of the Prudential were prior to the lien of the Buckeye. The Buckeye insists the proceeds from the sale of Mrs. Rosselli’s share in the real estate described in the petition should have been apportioned ratably between the Buckeye and the Prudential upon their judgment liens by reason of the application of the doctrine of lis pendens.
The cause was submitted to Judge Duncan of the Common Pleas Court who entered judgment in favor of the Prudential and handed down a written decision with which we have been favored. The opinion, in our judgment, is sound and well supported upon the reasons therein stated. We might well adopt it in its entirety, and without further comment. Inasmuch, however, as counsel have in this court briefed the question at considerable length, we will discuss it briefly.
Counsel for appellant proposes two questions as arising upon the appeal. First: Are lien holders or incumbrancers necessary or proper parties in an action for partition? Second: If they are necessary or proper parties, can one of them acquire rights, paramount to the other, after the commencement of the action for partition?
Counsel for appellee, the Prudential, makes no issue on the first question, agreeing that the lien holders were proper if not necessary parties. This is the gist of the authorities cited. 20 R. C. L. 757, Smith v Higgens, 152 Ill. 159, Swygert v Keel, 145 S. E. 113, Drug Company v DeLay, 115 N. E. 71, Arnold v Butterbaugh, 92 Ind. 403, and, in Ohio, Cradlebaugh, et al v Pritchard, 8 Oh St 647, Cramer v Dodson, 22 Oh St 615, Klosterman v Klosterman, 58 Oh Ap 511, 512. There is some general authority to the effect that lien holders against premises sought to be partitioned are neither proper nor necessary parties. 47 C. J., 375.
The determinative question is whether or not the doctrine of lis pendens precludes any change in the relative rights of the judgment lien holders after the institution of the action in partition, and after they have been made and served as parties thereto. It will be noted that of the three judgments under consideration the Prudential only caused execution to be issued and levy to be made on April 12, 1939, in cause No. 140177 and in cause No. 140178 on May 6, 1939, both levies made subsequent to the institution of the action in partition but prior to the orders of partition and sale. If it had the right to these levies as of the aforesaid dates, then its judgment liens took priority over that of the Buckeye. Bank v Bank, 10 Ohio, 71, 77.
The doctrine of lis pendens has application in partition actions, 25 O. Jur. 655, 681, 685, 17 R. C. L., 1026, but the controlling question here is to what extent lis pen-dens applies.
Two cases in Ohio are helpful, although, not directly in point. Cradlebaugh & Morris v Pritchett, 8 Oh St 647, and Comer v Dodson, 22 Oh St 615. In the former case a judgment was recovered against one of the defendants in partition, premises subsequently sold under court order to a stranger, sale confirmed. It was held that such judgment creditor, on due application to the court having control of the proceeds of the sale, might have had the portion belonging to his debtor applied in satisfaction of the judgment. The force of the pronouncement is that the court permitted the creditor to obtain a judgment lien after the institution of the suit, which the court said it would have given force and effect had it been properly set up.
*65 In Comer v Dodson, supra, one of the parties to the proceeding in partition, during the pendency of the suit, assigned to several persons specified amounts of his share of the money to be realized from a contemplated sale of the land, and afterward a creditor of the same party obtained a judgment against him and levied an execution on his undivided interest in the land and sought by cross-petition to subject the interest of the party in the land to the judgment. The land was sold. It was held that a lien of the judgment creditor on the interest of the debtor in the land was divested by the sale in partition and that it was subordinate to the right of the assignees of the party to the proceeding. In this case both the rights of the assignees and of the judgment creditor arose after the pendency of the suit and were transferred to the fund produced by the sale of the land in partition.
We are satisfied that a co-tenant in a partition proceeding may, durits pendency, transfer his interest or incumber it, which may not, of course, affect the principal purpose of the suit, namely, to apart the land, or, failing this, to sell it. If it be sold, the rights of those claiming under the co-tenant will be transferred to the fund produced by the sale of the co-tenant’s share of ihe land.
“One who purchases or otherwise acquires the interest of a co-tenant pending proceedings .is bound by the decree, although not a party to the suit, and his rights attached to the portion set off to the co-tenant whose interest he had acquired, subject, of course, to the decree and the rights of other parties.” 41 C. J. 615.
The primary purpose of partition is the division of the land among those who are entitled to share therein. The writ of' ' partition provided in. §12030 GC directs the commissioners to “cause to be set off and divided to the plaintiff or each party in interest, such part and proportion of the estate as 'the court orders.” It is only, if and when the commissioners, under §12034 GC are of the “opinion that the estate can not be divided according to the demand of the writ without manifest injury to its value and return that fact to the court with the just-valuation of the estate” that there is a basis for the-court to make an order of the sale of the land. The action taken by the appellee, The-Prudential, did not affect the title or the right to partition of any tenant in common in the real estate. The right to liens on the property sought to be partitioned and their priority are transferred to the fund produced, if a sale of the premises be made under court order.
Appellant cites McClasky v Barr,, et al., 48 Fed. 130, wherein the court at considerable length discusses and applies the doctrine of lis pendens, but the question there presented affected the right of the parties who claimed to be tenants, in common, to the partition and the extent of their interests in the real estate. We are also cited to Cowen,. et al v Wassman, 64 Oh Ap 84, wherein the suit was to foreclose a mortgage real estate and to marshal liens. This action, like any action to foreclose a lien, is in the-nature of a foreclosure suit in equity, the one purpose of which is-to determine the nature and extent of the liens, to fix their priority as of the date of the institution of the suit and to sell the real estate.. We believe that the distinction which we have heretofore indicated between the suit in partition and an action to foreclose liens is suf *66 ficient to indicate that lis pendens may be given different application in the two classes of suits.
In our judgment the trial judge did not err in entering the decree in behalf of appellee, the Prudential. Judgment affirmed.
GEIGER, PJ, BARNES, J., concur.