**MASSIE, Plaintiff-Appellee, v. MASSIE et al,
Defendants-Appellants.**

Ohio Appeals, Second District, Greene County.

No. 518.   Decided March 13, 1951.

Robert H. Wead, Xenia, for plaintiff-appellee.

Gus W. Byttner, Melvin L. Robins, Dayton, for defendant-appellant.

Phillip Aultman, Xenia, for trustee in bankruptcy.

## OPINION

By WISEMAN, J:

This is an appeal upon questions of law from an order of distribution made by the Common Pleas Court of Greene County in an action for partition.

An order of sale in partition was issued on April 6, 1950 which was returned by the Sheriff of Greene County on April 20, 1950. The sale was confirmed and a partial distribution of the proceeds ordered on April 22, 1950. In making partial distribution the court ordered the taxes, court costs, counsel fees and the mortgage lien to be paid, and the balance to be paid in equal shares to the plaintiff and the defendant. On the same date, in a separate entry, the court ordered the Sheriff to hold in his possession the distributive share of plaintiff and defendant until further order of the court. In a later entry the court distributed the share due the plaintiff.

On motion of a judgment creditor to determine the priority of liens respecting the share of the proceeds due the defendant, Charles W. Massie, a hearing was had at which time it developed that on April 13, 1950 Lilly Smith filed a suit against the defendant, Charles W. Massie, et al., in the Common Pleas Court of Greene County on a note, praying that an order of attachment be issued against the funds of the defendant in the possession of the Sheriff of Greene County. Residential service was had on the defendant, Massie, on April 14, 1950 and an undertaking for attachment was filed by Lilly Smith with the Clerk of Courts on April 22, 1950. On May 15, 1950, the defendant, Massie, not having interposed a defense to the action, a judgment for attachment was rendered and on the same day an order of attachment was issued by the Clerk of Courts of Greene County to the Sheriff of Greene County. Judgment was taken on the note on July 17, 1950.

The record further shows that prior to taking judgment on attachment on May 15, 1950, and prior to the issuance of an order of attachment by the Clerk of Courts, the defendant, Massie, on May 14, 1950, assigned to Gus W. Byttner all his right, title, claim or interest to the moneys in the possession of the Sheriff which represented his share of the proceeds derived from the sale of the property in the partition action. The written assignment was filed with the Sheriff on May 13, 1950, two days before the order of attachment was issued to the Sheriff.

At the hearing the Court raised the question as to the consideration for the assignment. Counsel for Byttner stated that the assignment was for a valuable consideration but

that he was not acquainted with the dealings between Massie and Byttner. No evidence was introduced with respect to consideration. No further question was raised by the court and no question at any time was raised by opposing counsel with respect to the consideration for the assignment. The assignment itself recites that it was "for value received."

It appears that counsel and the court at the hearing accepted the validity of the assignment and proceeded to determine the right of priority between the parties on the basis of the validity of the attachment proceeding.

The trial court determined the order of priority and made an order of distribution on August 18, 1950 in which three prior judgment lienholders were ordered paid and further ordered $772.11 to be paid to Lilly Smith in satisfaction of her judgment and the balance in the sum of $695.27 to be paid to Gus W. Byttner on his assignment.

The appellant, Charles W. Massie, contends that the order of the trial court giving priority to the claim of Lilly Smith over the claim of Gus W. Byttner was contrary to the evidence and contrary to law.

From the bill of exceptions it appears that the trial court had proceeded on the assumption that proper service had been made on the Sheriff of the order of attachment prior to the assignment, or that the mere filing of the suit by Lilly Smith was sufficient to deprive the defendant, Charles W. Massie, of the right to make a valid assignment of his interest in the fund.

No attempt was made to comply with §2835 GC, which provides that when the Sheriff is a party, or is interested, process shall be directed to the Coroner. In any event, the assignment antedated the order of attachment. The mere filing of the action did not deprive the defendant, Charles W. Massie, of his right to assign his interest in the fund. On May 4, 1950, he held an interest in the fund in the possession of the Sheriff which was assignable. **Comer v. Dodson, 22 Oh St 615; Shafer v. Buckeye State Building & Loan Co., 37 Abs 62, 45 N. E. (2d) 421; Shively v. Shively, 87 Oh Ap 718, 95 N. E. (2d) 276.** The assignee on that date became the owner of the fund to the extent of the interest of the assignor. The interest of the assignor, and consequently the assignee, was subject to the claims of judgment lienholders which the evidence shows became vested prior to the assignment. Any attempt on the part of Lilly Smith to perfect her lien subsequent to the assignment would not affect the right of the assignee. Priority in time establishes priority in right.

The appellee, Lilly Smith, contends that no consideration

was shown for the assignment. While it is true that no evidence was presented by either party at the hearing with respect to consideration, except the statement of counsel for the assignee that the assignment was given for valuable consideration; no question was raised by the parties in interest at the hearing respecting the consideration supporting the assignment. The assignment itself imports a valuable consideration. In the absence of evidence to the contrary the trial court had a right to conclude that the assignment was given for a valuable consideration. In Vol. 4 Am. Jur. page 331, Section 128, it is stated that the assignee "may be assisted by certain presumptions, for example, an assignment in writing may be presumed to be supported by such consideration." In Vol. 6 C. J. S. page 1200, Section 140, sub paragraph 3, it is stated that in some jurisdictions an assignment in writing is presumed to be upon a sufficient consideration. It is stated in the text that "where an assignment is absolute it will, until the contrary is shown, be presumed to be upon a sufficient consideration." The case of Driscoll v. Driscoll, 143 Cal. 528, 77 P. 471, is cited in support of this proposition, and also Walker v. Johnson, 108 Mont. 398, 91 P. 2d 406, 411. Also it is stated that "Where the assignment states that it is for a valuable consideration, there is a presumption to that effect created by the assignor's admission." The case of Roberts v. Friedman, 96 Pa. Super. 530 is cited for this proposition, and In re Sweitzer's Estate, 49 Dauph. Co. 288. In Walker v. Johnson, the court in its opinion said:

"The validity of the mortgage and assignment was not attacked by any proof by the respondent, it was only assailed by respondent's counsel in his motion for a directed verdict. It was then argued that the appellant failed to prove consideration for the mortgage and assignment. This court has held that a mortgage itself prima facie imports consideration. * * * As to the assignment of the mortgage, we must apply the rule that 'where an assignment is absolute it will, until the contrary is shown, be presumed to be upon a sufficient consideration. (5 C. J. 1016; 6 C. J. S. Assignments, section 140, page 1200)."

In Roberts v. Friedman the court in its opinion held:

"The lower court's conclusion was that 'this assignment is not an enforceable contract because it lacks consideration. For this reason the rule for judgment must now be made absolute.' The assignment of the chose states that it was for a 'valuable consideration.' Whether it was for forbearance in instituting an action or some other valuable consideration, we are not informed, and it is not important. It is dif-

ficult to get stronger evidence that there was a valuable consideration than that of an expressed acknowledgment over the assignor's signature.

\* \* \*

"A legal presumption was created by the assignor's admission that there was a valuable consideration and as there was no proof to the contrary, the lower court was in error in making the rule absolute on the ground that the assignment was without consideration."

The note in Vol. 5, C. J. 1016, is as follows:

"Where an assignment is absolute it will, until the contrary is shown, be presumed to be upon a sufficient consideration. So, in an action by an assignee of a chose in action assigned to him by the surviving partner of a firm, the assignment will be presumed to have been made on a valid consideration in the course of winding up the partnership affairs." (Cases cited in the footnote, including Driscoll v. Driscoll, supra.)

In the instant case the trial court recognizes the validity of the assignment in the order of distribution, by ordering the share of the fund paid to Gus W. Byttner on his assignment.

The doctrine of lis pendens has application to a partition proceeding. Comer v. Dodson, supra; Shafer v. Buckeye State Building & Loan Co., supra; Shively v. Shively, supra; Vol. 25 O. Jur., pages 655, 681, 685. But in the instant case it is not controlling with respect to the question for determination. The provisions of §11300 GC, have no application. It has no application to the suit on the note, and if applied to the suit in partition it merely means that during the pendency of the action third persons are charged with notice of its pendency or that no interest could be acquired by third persons in the subject of the action against the interest of parties thereto. In other words, the assignee took the assignment subject to the rights of the parties which had been fixed at the time of the assignment. Consequently the interest of the assignee was subject to the court's decree respecting the right of priority of the several parties in interest, but we find the assignee to be prior in time and prior in right to the claim of Lilly Smith.

The appellant, Charles W. Massie, could proceed to prosecute the appeal even though he had made an assignment. Sec. 11261 GC.

After this appeal had been perfected and a supersedeas bond given by the appellant on September 7, 1950, the trial court, on February 26, 1951, on the application of the trustee in bankruptcy for the defendant, Charles W. Massie, for

leave to intervene the trial court made the trustee a party-defendant with leave to plead. Furthermore, when this matter was argued counsel seemed to be in agreement that the entire fund subject to distribution under the order from which this appeal was taken was ordered paid by the Sheriff to the trustee in bankruptcy. We fail to find any jurisdictional ground for this order. We are required to proceed on the assumption that the money is still in the possession of the Sheriff. The Sheriff should promptly seek the assistance of the trial court in recovering the fund.

Also an application to intervene was filed by the trustee in this Court on February 13, 1951, stating that he was appointed trustee in bankruptcy on November 17, 1950 and that he was a necessary party to this proceeding. This Court, not being advised as to the nature of this proceeding and the type of appeal, on representation that it was an appeal on law and fact, granted the application. It now appears that the order should not have been granted. An order will be drawn vacating the former order making the trustee a party.

On the principal question at issue we find that the judgment of the trial court was prejudicially erroneous. Coming now to make the order which the trial court should have made the Court finds that Gus W. Byttner is entitled to be paid the entire balance of the fund after the payment of the three prior judgment lienholders whose claims are not in dispute.

Judgment accordingly.

HORNBECK, PJ, and MILLER, J, concur.

## ON APPLICATION FOR REHEARING

### No. 518.   Decided April 2, 1951.

By THE COURT:

Submitted on application of plaintiff-appellee for rehearing. While our rules do not provide for the filing of an application for rehearing this Court has nevertheless considered the application and finds no new question raised.

Exception is taken to the statement in the opinion that the trial court recognized the validity of the assignment in the order of distribution. The record shows without question that the trial court in the order of distribution recognized the assignment as between the parties thereto. As against other parties the question of consideration could have been put in issue. The trial court very properly held that no evidence was presented on the matter of consideration for the assignment. Apparently it was assumed that since the as-

signee offered no testimony on the question of consideration the assignment was not valid against other creditors of the assignor. It is at this point where this Court differs from the trial court. This Court in its opinion applied the principle of law that where the assignment is absolute and states that it is for a valuable consideration, until the contrary is shown, it will be presumed to be upon a sufficient consideration. This principle of law was not applied by the trial court, but should have been and is controlling in the determination of the issue presented.

Application denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.