**UNITED STATES of America,**
**Plaintiff,**

v.

**SIG ELLINGSON & CO., of Montana, a**
**Montana Corporation, Defendant.**

**Civ. No. 145.**

United States District Court
D. Montana,
Billings Division.
July 28, 1958.

Krest Cyr, U. S. Atty. for the Dist. of Montana, Butte, Mont., Waldo N. Span-

**8**

gelo, Asst. U. S. Atty., Billings, Mont., for plaintiff.

Longan & Jones, Neil S. Keefer, Billings, Mont., for defendant.

JAMESON, District Judge.

This is an action by the United States against the defendant, a Montana corporation and livestock commission auctioneer, for the conversion of five head of cattle at Billings, Montana. The complaint alleges that the cattle were subject to two chattel mortgages, executed by Jess and Ethel Englert to secure a promissory note in favor of plaintiff. The note was executed in Wyoming pursuant to a Farmers Home Administration loan. The mortgages were recorded in Big Horn County, Wyoming, where the property was located when the mortgages were given.

The answer denies the conversion and alleges that the Englerts did not own the cattle; that the defendant had no notice of the mortgage; that subsequently to the first mortgage and prior to the second, the defendants were furnished a list of mortgagors whose cattle were mortgaged to the FHA which list did not contain the Englerts' name and therefore the plaintiff is estopped to claim conversion; that there was no compliance with the applicable Montana recording statutes; and that the mortgage contained an insufficient description of the cattle and therefore was invalid under Wyoming law.

The defendant has filed a motion for summary judgment and for judgment on the pleadings, on the following grounds:

1. That the chattel mortgages failed to describe the mortgaged cattle with sufficient particularity to constitute a valid lien under Wyoming law;

2. That the chattel mortgages were not recorded in Montana;

3. That § 52–319 R.C.M.1947, which requires the filing of all liens upon livestock with the recorder of marks and brands, was not complied with;

4. That the complaint does not show that the cattle sold by the defendant were cattle covered by the chattel mortgages;

5. That the complaint does not allege that the defendant had notice of the chattel mortgages.

There is no merit in defendant's fourth ground for judgment. Paragraphs III and IV of the complaint describe the chattel mortgages and paragraph V alleges that the cattle were covered by the chattel mortgages.

Whether the applicable Montana recording statutes were complied with (defendant's grounds 2 and 3) is immaterial. Under the authority of United States v. Matthews, 9 Cir., 1957, 244 F.2d 626, the federal common law is controlling on the question of whether there is a conversion of property subject to a chattel mortgage in favor of the United States securing an FHA loan, sold through the agency of a livestock company.

Defendant argues that United States v. Matthews represents the minority viewpoint. It is true the Eighth Circuit has held that state law governs. United States v. Kramel, 1956, 234 F.2d 577. In a concurring opinion in United States v. Matthews, Judge Pope took the position that that case did not require a decision in conflict with United States v. Kramel, since the state law of California was the same as the federal law. The majority opinion, however, expressly held that the federal law was controlling.

Defendant also cites a Fifth Circuit case, John Clay & Co. Livestock Commission v. Clements, 1956, 214 F.2d 803, 807, but this case did not involve a government mortgage. It appears that the holding in the Matthews case was predicated upon the rule that federal law governs in the administration of programs of this character (FHA loan). In any event this court would not be justified in taking a position contrary to the holding of the Ninth Circuit. When there is a conflict between circuits, the applicable decisions of the Ninth Circuit are binding on the district courts within

the Ninth Circuit. Panaview Door & Window Co. v. Van Ness, D.C.S.D.Cal. 1954, 124 F.Supp. 329.

██ United States v. Matthews, supra, holds that under federal law an auctioneer is liable in conversion to the mortgagee, even though he had no knowledge of the chattel mortgage, and that he is not absolved from liability by the Packers and Stockyards Act (7 U.S.C.A. § 181 et seq). Defendant argues that the Matthews case "contains no discussion of the central issue before this court—constructive notice." It does appear, however, from the statement of facts that the mortgage involved in the Matthews case was recorded in the county where the property was located when the mortgage was given and that the mortgaged property was subsequently removed to another county, without the mortgagee's consent. The opinion of the District Court in that case pointed out, however that the applicable California recording statutes are limited to "purchasers and creditors or other encumbrancers", and do not apply to auctioneers without a property interest in the goods. D.C.N.D.Cal.1956, 139 F. Supp. 683, 685. Therefore, it can be concluded that the auctioneer in the Matthews case had no notice of the mortgage, actual or constructive; nevertheless the court held that he was liable for conversion.

There remains the question of whether plaintiff had a valid lien under the Wyoming law. The mortgages covered cattle in addition to those involved in this action. The cattle were described in the first mortgage as follows:

| Item No. | Quantity | Animal | Name | Breed | Color | Age | Brand (tag, mark) and location of brand |
|---|---|---|---|---|---|---|---|
| 1 | 14 | Cows | | Holstein | Blk & White | 2–7 yrs. | |
| 2 | 2 | Cows | | | Blk | 3 yrs. | |
| 3 | 14 | Cows | | | Red Wht. | 3 yrs. | |
| 4 | 1 | Bull | | | Red Wht. | 3 yrs. | |
| 5 | 10 | Calves | (Mixed) | Holstein | | 1955 | |
| 6 | 3 | Calves | | Herford | Red Wht | | |
| 7 | 3 | Gilts | | | White | | |

The description in the second mortgage was substantially the same.

It will be noted that the space for "brand" was left blank. It appears from the bill of particulars filed by plaintiff that all of the cattle sold by defendant were branded.

In the first mortgage executed February 21, 1955, it was recited that the property was located on the Smith farm or ranch two and one-half miles easterly from Deaver, Wyoming, on Farm Unit "A" in Section 27, and Farm Unit "C" in Section 26, Township 57 North, Range 97 West, Sixth Principal Meridian. In the second mortgage executed June 1, 1955, the location was given as the Smith and Hudgins farm or ranch, two and one-half miles easterly from Deaver, and this mortgage described the same farm units, and other lands, consisting of a total of approximately 325 acres.

The printed portions of both mortgages contain the following: (after description of livestock) "including all increase of, accretions to, replacements of, and additions to such livestock, whether in excess of the above specified number or not, including, but not limited to, all livestock branded ————; "

"All livestock * * * now owned or which may hereafter be acquired by the mortgagor during the time this mortgage is effective."

"The marks and brands above used to describe any livestock are the holding brands and carry the title, although the livestock may have other brands or marks;"

Defendant contends that there was a failure to comply with the provisions of Section 59-102 and Section 59-108, Wyoming Compiled Statutes of 1945. Section 59-102, insofar as pertinent here, reads:

"59-102. Description of mortgaged property—Increase of livestock to pass—In any mortgage * * * intended to operate as a mortgage upon any neat cattle, horses, mules, sheep, or other livestock, or upon any herd of neat cattle, horses, mules, sheep, or other livestock in this state * * * it shall be a sufficient description of such cattle * * * to set forth therein all such brands and marks of the same as will convey to the mortgagee in all particulars the power and ability to identify, prove and recover any or all of such stock, that was possessed by the mortgagor at the time of making such mortgage; together with the ranges or ranches upon which such cattle * * * shall be running or ranging; and such mortgage * * * shall be held to convey and cover all the cattle * * * which shall then be marked or branded with the said mark and brand belonging to the mortgagor, and which thereafter may be acquired by him, and be marked and branded with the said mark and brand * * *."

Section 59-108 reads:

"59-108. On livestock—County in which filed.—In the cases hereinafter provided for, the mortgaging of cattle, horses, mules, sheep or other live stock, it shall be sufficient if such mortgage, bond, conveyance or other instrument intended to operate as a chattel mortgage is filed in the county where the range, upon which said cattle, mules, sheep, horses or other live stock are or shall be principally running or ranging, is located, the location of which range shall be described with reasonable certainty in the mortgage. (Laws 1890-91, ch. 7, § 8; R.S.1899, § 2814; C.S.1910, § 3730; C.S.1920, § 4690; R.S.1931, § 71-108.)"

The latter section was passed in 1890 when much of the livestock in Wyoming was running on the open range. The statute simply provides that it "shall be sufficient" if the mortgage is filed in the county where the range is located, with a description of the range. Here the location of the cattle is even more definite,—a particular farm described by legal subdivisions. In my opinion there was full compliance with the provisions of Section 59-108.

The only case cited by counsel construing sections 59-102 and 59-108, Megown v. Fuller, 38 Wyo. 211, 266 P. 124, 128, 268 P. 189, is not particularly helpful. This was an action for conversion against the mortgagor of cattle. It was alleged that he had been misbranding calves which were supposed to be covered by the mortgage. The court's opinion included the following statement: "All the cattle, as is customary in this state, have been permitted for a large part of the time to run at large on the open range. The means of identification is the brand. See sections 3091, 3095, 4682, Wyo.C.S.1920." 266 P. at page 126. (4682 Wyo.C.S. is the same as Wyo.C.S. 59-102).

There is no suggestion here that the cattle were running at large on the open range. On the contrary, as noted above, both mortgages recited that they were located on a specified ranch, particularly described. Where cattle are running on the open range, the brand or mark is the only practical means of identification. In my opinion Megown v. Fuller is not in

point and I have found no other Wyoming cases passing upon this question.

■ While a listing of the brands and a more detailed description of the cattle would be desirable, it cannot be said as a matter of law that the description of the cattle was insufficient to constitute a valid lien thereon. As stated by American Jurisprudence, the applicable rules are as follows:

"As to the degree of certainty and exactness of description required, the authorities seem to be somewhat at variance * * *.

* * * * *

"A general description may be sufficient when accompanied by a statement as to the location of the property or where it is shown that the property named is all of that particular kind owned by the mortgagor." 10 Am.Jur. 751, Chattel Mortgages, § 53.

"To be sufficient against a third person, the description of the mortgaged property must be definite enough to enable him, aided by inquiries which the instrument itself suggests, to identify the property." Id. § 55, at 752. See also 14 C.J.S. Chattel Mortgages § 65, p. 674.

The mortgages do give a general description of the cattle including the number, color, sex and approximate ages. The location of the cattle is described and the mortgages purport to cover all livestock owned by the mortgagor during the life of the mortgage. Thus, it appears that the description of the mortgaged cattle is definite enough to enable a third person to identify them.

■ Section 59–102 does not require a description of the brand or mark for a valid mortgage, but rather provides that "it shall be a sufficient description * * * to set forth therein all such brands and marks of the same as will convey to the mortgagee in all particulars the power and ability to identify, prove and recover any or all of such stock." This statute was enacted in 1882 when the open range was the rule. It provides that description by brand is sufficient, but does not say that this shall be the only means of description. If the description otherwise identifies the livestock, the mortgage is valid even though the brand is not shown in the mortgage.

In Walker v. Johnson, 1939, 108 Mont. 398, 91 P.2d 406, 124 A.L.R. 937, a mortgage recited that sheep to be covered by the mortgage were situated in Yellowstone County, Montana, and that they were all the sheep owned by the mortgagor at the time the mortgage was executed. There was no statement concerning what marks and brands were on the sheep, or as to their breed and age. Nor did the mortgage say who had possession at the time the mortgage was executed. The court held that the description was insufficient, but stated that the mortgage, sketchy as it was, might have been good if it had stated with particularity where the sheep were located.

The annotation in 124 A.L.R. 944 on the sufficiency of description of property in mortgages on animals cites many cases in which mortgages have been held valid which contained a similar or less detailed description than the mortgages in question here.

It is my opinion that the description in the mortgages affords a sufficient means of identification and that the mortgages are not accordingly invalid under the Wyoming law.

The motion for summary judgment and judgment on the pleadings is denied.