**MOONEY, Plaintiff-Appellant, v. MOONEY, Et Al, Defendant-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20596.  Decided March 10, 1947.

NICHOLS J, of the seventh district, sitting by designation in place of Hurd PJ, of the eighth district.

Heiser & King, for plaintiff appellant.
A. H. Dudnik, Cleveland, for defendant appellee.

## OPINION

PER CURIAM:

Ella B. Mooney filed this action against her husband, Milton A. Mooney, for alimony, injunction and equitable relief. The defendant filed an answer and cross-petition for divorce. The plaintiff later filed an amended petition which included a prayer for divorce as well as alimony.

A decree was rendered in the trial court granting a divorce to the plaintiff and awarding her certain alimony. Plaintiff filed a motion for a new trial which was overruled. Plaintiff contends that the amount of alimony so awarded her was manifestly less than the amount warranted by the evidence and from the decree in that respect is filed this appeal.

The evidence discloses that the parties were married on November 25, 1920. At the time of their marriage the plaintiff possessed a lot in Shaker Heights, a diamond ring, furniture and a few hundred dollars in money. The defendant did not own property in a substantial amount.

On June 2, 1924, the parties acquired an interest in a motion picture theater in Bellefontaine for an investment of $2750.00 or $3000.00. Plaintiff appellant used the lot owned by her in Shaker Heights and her diamond ring to obtain the necessary funds to make this investment. The defendant also borrowed some money for this purpose.

Later three other corporations were formed, namely, the C & A Theater, The Nixon Theater Co., and The Cooperative Theaters of Ohio, Inc. Plaintiff was secretary and treasurer of all three companies and until the estrangement between husband and wife she kept the books of the companies and took an active part in their management.

For her services she received a salary which went into their joint bank account. Since the estrangement, defendant has taken all the salary previously paid to the plaintiff for her services, as the duly authorized secretary and treasurer of such companies.

The decree rendered November 22, 1946, awarded a divorce to the plaintiff and also alimony as follows:

"1. The appellee's one-half interest in the Warrington Road Home.

2. Payment by appellee of the $3500.00 balance due on the H. O. L. C. mortgage on said home.

3. All of the furniture now situated in said home.

4. Alimony in the sum of $250.00 per month beginning November 1, 1946, and continuing for a period of five years thereafter, such payments however to cease in event of appellant's death or remarriage within said five years.

5. Accrued medical and dental bills and future medical and dental bills incurred (with approval of the court) over a period of five years from July 1, 1946 but not exceeding a total of $1,000.00.

6. Attorney fees in the amount of $2,000.00."

The plaintiff appellant objects to the said award of alimony and claims that it is manifestly less than an amount which would have been fair and equitable in the following respects.

1. The monthly payments for support should be greater than $250.00.

2. The monthly payments should not end in five years but should continue for Mrs. Mooney's life or until she remarries.

3. Payments for medical, dental and hospital bills should not be limited to $1,000.00 or to a period of five years.

4. Appellant, Mrs. Mooney, should have been given a fair portion of the life insurance on the appellee's life.

The record discloses that the plaintiff appellant secured from the joint bank account at the time the parties became estranged the sum of $11,795.00. From this amount $1100.00 was used by the plaintiff in paying premiums on insurance policies and other bills. Appellant testified that $2700.00 of said funds remained unexpended at the time of the trial. The evidence also discloses that the plaintiff is in poor health and during the last three years she has had serious operations for bladder, removal of kidney stones and scraping of the jawbone. Also at the time of trial she was in need of dental work to cost $300.00.

The defendant has an income from the companies mentioned and investments of around $18,000.00 to $22,000.00 a year from which of course income taxes are to be deducted.

Under the decree of the common pleas court the total amount of alimony to be paid the plaintiff appellant during the five years during which alimony was to be paid amounts to $15,000.00. This is less than the defendant's gross income for one year.

It is our opinion that the amount awarded the appellant by way of alimony in view of all the circumstances disclosed in the evidence, is inadequate and is manifestly against the weight of the evidence.

The case is therefore reversed and remanded to the Common Pleas Court for a redetermination of alimony.

MORGAN J, NICHOLS J, SKEEL J, concur.