**THOMPSON, Plaintiff-Appellant, v. THOMPSON, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2144. Decided April 9, 1951.

Melvin A. Scott, Dayton, for plaintiff-appellant.

Routzohn, Routzohn & Nevin, Dayton, Culbert, Hyzer & Culbert, Fremont, for defendant-appellee.

## OPINION

By MILLER, J:

The only question presented by this appeal is the adequacy of the alimony awarded to the appellant, Susannah Thompson, upon her being granted a divorce from the defendant-appellee.

The record reveals that the parties hereto were married approximately twenty-six years ago; that neither of them was possessed of any property at that time, but over the period of years the following was acquired, which it is agreed is valued as follows:

(1) Home, jointly owned,                $20,000.00
(2) Household goods,                     $3,500.00

Also the following property which was not appraised:

(3) U. S. Savings Bonds                  $1,100.00
(4) One Cadillac automobile
(5) A small amount of life insurance on the life of the appellee.

The home was encumbered by a mortgage to the extent of $3,583.49.

The plaintiff-appellant is fifty-one years of age, has never been employed since the marriage, her time being required in the home raising three children, each of whom is now past the age of majority. The appellee is employed as President of a corporation and also as a salesman on a commission basis. In the course of his employment he is required to pay his own traveling expenses but after deducting these his net income for the past three years has been: 1947, $18,694.39; 1948, $18,081.20; 1949, $15,191.40. At the time of the trial in October, 1950, the evidence did not establish what his earnings would be for the year, but it appears that in probability his earnings would be somewhat reduced because of the failure of one of his employers to pay him a bonus for the year. It will be noted that over the past three years his average annual net income has been approximately $17,300.00. The Court awarded the appellant the husband's one-half interest in the home, subject to the mortgage, all of the household goods and $50.00 per month for ten years or until she shall remarry. Based upon the agreed valuations it will be observed that the net value of the alimony awarded to the wife is approximately $17,700.00, figuring the husband's equity in the real estate at $8,200.00.

Now the question presented is whether the award is an equitable allowance of alimony such as she is entitled to under

446

§§11990 and 11991 GC. The appellee urges that consideration may not be given to the husband's future earnings in making the award, citing **Rahn v. Rahn, 48 Oh Ap 179,** wherein it was held that an alimony award can be based only on the value of the real and personal estate of the defendant at the time of the divorce. An examination of this case revealed that future earnings were not involved. Hence, as to the property involved the rule laid down is correct.

The appellee also cites Lape v. Lape, 28 O. C. A. 108, as supporting his views, but this case was reversed in **99 Oh St 143,** the first syllabus of which provides:

"Where a decree for divorce is granted to a wife on account of the aggression of her husband, an allowance of alimony may be based on future personal earnings or wages of the husband. In such a case the court is not necessarily limited to a consideration of property in possession of the husband at time of decree."

An examination of the figures involved herein discloses that the wife was awarded as alimony approximately the equivalent of one year's net earnings of the husband. This was held to be an inadequate award and we think properly so in the case of **Mooney v. Mooney, 48 Abs 229.**

It is our conclusion that the alimony awarded to the wife is inadequate and manifestly against the weight of the evidence. The judgment is therefore reversed and the cause remanded to the Common Pleas Court for a redetermination of the alimony to be allowed.

HORNBECK, PJ, WISEMAN, J, concur.