### Citizens Street Railroad Company *v.* Wagner.

[No. 3,131.    Filed April 26, 1900.]

Pleading.—*Complaint.*—*Contributory Negligence.*—An averment in a complaint in an action against a street railway company for damages on account of personal injuries sustained by plaintiff in attempting to get on a car, that "the defendant company negligently and carelessly started said car with a quick, sudden jerk, without any warning or notice to the plaintiff, and without any negligence or fault on the part of this plaintiff, thereby throwing him," etc., is insufficient to show plaintiff's freedom from fault contributing to his injury.

From the Marion Superior Court. *Reversed.*

*Ferdinand Winter* and *W. H. Latta,* for appellant.
*J. O. Spahr* and *J. H. Kingsbury,* for appellee.

COMSTOCK, J.—Suit for personal injury brought by appellee against the Citizens Street R. Co. A trial resulted in a verdict and judgment in favor of appellee. The only errors assigned are the action of the court in overruling the demurrer to the amended complaint, and in overruling appellant's motion for a new trial.

The amended complaint, upon which the cause was tried, was in one paragraph. Its allegations relative to the manner in which the accident happened are as follows: "And plaintiff further alleges that on said day he was desirous of taking passage on said line, and being carried as a passenger on said line. That as one of the defendant's trains, consisting of a motor and trailer, which was propelled by electricity, was approaching the intersection of Eighteenth street and College avenue, this plaintiff signaled said train to stop, plaintiff at said time standing on the northwest corner of the intersection of said streets aforesaid,—this being the crossing designated by an ordinance of the common council of said city for said company to stop their cars to take on and let off passengers on said line. That as said train of cars approached the place where this plaintiff was standing, and after he had signaled the motorman to stop, the speed of said train was greatly slackened, so that when the train reached this plaintiff the said train of cars was running at a very low rate of speed. And when said motorcar was opposite this plaintiff he took hold of the handle of said cars, and stepped upon the step of said car, and before this plaintiff got on said car, and before he had time to get on said car, the motorman having charge and control of said car (said motorman being the agent, servant, and employe of said defendant company) negligently and carelessly started said car with a quick, sudden jerk, without any warning or notice to this plaintiff, and without fault or negligence on the part of this plaintiff, thereby throwing this plaintiff with great force and violence to the ground, his right foot passing under the wheels of the trailer, bruising

and crushing the right foot of said plaintiff so that it was necessary to amputate the small toe of this plaintiff. That the muscles of said foot were so torn and mangled that this plaintiff has lost the use of said foot, and that said injury is permanent, and this plaintiff will be a cripple during the remainder of his natural life. That during all of said time this plaintiff suffered great pain and mental anguish, and will continue to suffer during life."

The objection to the complaint is that it contains no averment, in general terms, that plaintiff was free from contributory negligence, and that the facts pleaded do not show that he was without fault or negligence. If the complaint contains neither of these averments, the trial court erred in overruling the demurrer.

Recurring to the complaint, we find the averment to be that "the defendant company negligently and carelessly started said car with a quick, sudden jerk, without any warning or notice to the plaintiff, and without any negligence or fault on the part of this plaintiff, thereby throwing him," etc. The complaint contains no other averment of freedom from fault. It does not allege that he took hold of the car without negligence, or that he was without fault in attempting to get on the car, or that he would have gotten upon the car without injury if the speed had not been suddenly increased. There is no presumption that one claiming damages for an injury caused by the negligence of another was himself free from fault. *Toledo, etc., Co.* v. *Brannagan*, 75 Ind. 490; *Indiana, etc., Co.* v. *Hammock*, 113 Ind. 1; *Brazil Block Coal Co.* v. *Young*, 117 Ind. 520. The complaint avers only that the appellee was free from fault in the sudden starting of the car. The demurrer to the complaint should have been sustained. The complaint being insufficient, it is not necessary to consider the motions for a new trial. Judgment reversed, with instruction to sustain the demurrer to the amended complaint.