(No. 5283. Decided August 2, 1905.)

## LUCINA MITCHELL. *Respondent,* v. ALANSON MITCHELL, *Appellant.*[1]

DIVORCE — CRUELTY — RENDERING LIFE BURDENSOME — FINDINGS— CONSTRUCTION. Upon granting a divorce for cruelty, the findings need not specifically include one that the cruelty rendered life burdensome, where the specific acts of cruelty found conclusively show that they did render life burdensome.

SAME—DISTRIBUTION OF PROPERTY—AWARDING ALL TO WIFE—DISCRETION. It is within the discretion of the trial court, upon granting a divorce and awarding the custody of infant children to a wife, to award her all the real estate, of the value of $1,600, where she is not strong and the husband is an able bodied man and wholly at fault.

SAME — DECREE — ALTERNATIVE PAYMENT—TAKING ADVANTAGE OF. Error cannot be predicated on the entry of a judgment of divorce decreeing real estate to the wife, without giving the defendant an opportunity to take advantage of an alternative, expressed in the conclusions of law, of paying $1,600 in lieu thereof, where the record fails to show that the defendant desired so to do at the time the judgment was entered.

[1] Reported in 81 Pac. 913.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered February 15, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, decreeing a divorce, and awarding property and the custody of children. Affirmed.

*Myers & Warren,* for appellant.
*Martin & Grant,* for respondent.

MOUNT, C. J.—The plaintiff in this action was granted a decree of divorce from defendant, upon the ground of cruelty. She was awarded the care and custody of two infant children, and all the real property of the community. Defendant appeals.

The evidence taken on the trial of the cause is not brought here on this appeal, and no exceptions were made to any of the findings. The only questions presented are based upon the face of the record. It is contended by appellant that the acts of cruelty found by the trial court are insufficient to justify the decree, because the court did not find that such facts rendered the life of the respondent burdensome. The finding of cruelty is as follows:

"That about six years ago the above named defendant began to mistreat and abuse and cruelly treat the plaintiff in this, that he would scold and abuse the plaintiff in private and in company, and slight her in all manner of ways when out in company, in such ways as were calculated to humiliate and degrade plaintiff. From that time and ever since said date the defendant has been continually mistreating the plaintiff by calling her vile names and conduct which is too infamous to be here set out, and during all of said time has continued to curse and abuse and scold plaintiff and to compel her to work out upon cook wagons for a living, and when plaintiff would be sick and unable to do work, the defendant would compel her by force to do work, and has time and again since said date and very recently too, told this plaintiff to take her brats and leave and never come back, and has frequently threatened to kill this plaintiff, and plain-

tiff believes that said defendant will put his threats into execution and so thoroughly afraid of said defendant has this plaintiff become that, on or about the 1st day of July, 1903, while defendant was making his vile and vicious threats, this plaintiff was compelled to and did take the two younger children and leave the defendant's abode and has ever since said time stayed away from defendant for the reason that she cannot live with him, for the further reason that she is afraid for her life and that of her children."

The necessary conclusion from the facts found is that the respondent's life was rendered burdensome. The finding of the court that respondent believed that appellant would put his threats to kill into execution, that she was compelled to leave her abode and remain away because she could no longer live with appellant, and that she believed the appellant would take her life and that of her children, conclusively shows that her life was rendered burdensome. It was not necessary for the court to make a specific finding that the cruelty of appellant rendered respondent's life burdensome, when the facts found lead irresistibly to that conclusion.

Appellant next contends that, because the court awarded all the real property to respondent, such disposition thereof was not a just and equitable one. Under Bal. Code, § 5723, the disposition of the property of the parties to a divorce case rests largely within the discretion of the trial judge. This discretion is guided by the respective merits of the parties and the condition in which they will be left by the divorce. Where there is but little property, and where there is no fault on the part of the wife, and where she is not strong and is awarded infant children to be cared for, and where the husband is a strong, able-bodied man, and wholly at fault, as appear to be the facts here, a just and equitable disposition of the property may mean that it should all be given to the wife. We find nothing in this case which shows that the trial court abused its discretion in respect to the distribution of the property.

28—39 WASH.

In the findings of fact, which were made on February 13, 1904, the trial court recited that the parties had an interest in certain real estate which was of the value of $1,600. In the conclusions of law the court stated that the respondent was entitled to "the sum of $1,600 out of the real estate, or in lieu thereof all the property described in said findings." The decree, which was signed on the same day and was filed two days later, gave no opportunity to the appellant to comply with the alternative stated in the conclusions, but awarded the whole interest in the real estate to the respondent. Appellant now complains because no time was fixed by the decree within which he might pay the sum of $1,600 to the respondent and save the real estate to himself. What we have said above as to the discretion of the trial court applies as well to this contention as to the last one. Furthermore, the record contains nothing to show that appellant desired to pay the money in lieu of the real estate at the time the decree was made or entered. The appellant may have declined the option at the time the findings were made, and thereupon the court may have made the decree absolute. We must indulge all presumptions in aid of the decree and not against it.

No errors appearing on the face of the record, the judgment is affirmed.

HADLEY, FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.