No. 190

WIRTH v. WIRTH

Ohio Appeals, 6th Dist., Lucas Co.

No. 1827. Decided Feb. 14, 1926

681. JURISDICTION — Reviewing court does not sit as trial court in a proceeding in error upon alimony; but nevertheless has power to review alimony proceeding and reverse same if manifestly against the weight of the evidence.

413. DIVORCE AND ALIMONY—Where divorce is granted the plaintiff, and she is allowed $5000 as alimony, together with household effects, and $15 per week for support of a minor child, same is excessive alimony and will be reversed where husband had only a store valued at about $9000 with debts of $1800 and house bought for $4000, with mortgage of $1800; and wife had between $15000 and $20,000 in her own name.

First Publication of this Opinion

WILLIAMS, J.

This case comes here upon error from the Lucas Common Pleas. The lower court granted Nina Wirth a divorce, alimony of $5000, the household furniture, the custody of their minor child, and $15.00 per week for support of same. No error is found as to granting of the divorce nor in the finding that Nina Wirth was entitled to alimony but the question to be deter-

mined is whether such alimony was excessive.

The Court of Appeals held:

1. In reviewing a judgment for alimony upon error, the court does not sit as a trial court which exercises original jurisdiction in the matter, but nevertheless has power to review the exercise of judicial discretion by the trial court for the purpose of determining whether the alimony is so excessive as to be against the weight of the evidence. Hathaway v. Hathaway, 3 Abs. 228, McGinnis v. McGinnis, 9 Ohio App. 81.

2. The evidence shows at the time the divorce was granted, the husband had tangible assets of approximately $9,300 and debts of $1500, leaving a net value of $7800. The property consisted largely of stock and fixtures of a retail gents furnishing store. He also owned a residence purchased at $4000 with a mortgage of $1800. The wife herself owned about $20,000. The yearly profits from the store amounted from $1,620 to over $4000 since the founding of the store.

3. It is obvious that if the order for payment of alimony and support for the minor child impairs the power to pay, it tends to defeat its own purpose. To pay the judgment he would be burdened with debts of $6,500, having assets of only $9,300 and it is doubtful if he could borrow that much.

4. The value of the tangible property would hardly represent the whole value of his assets, because the store with the financial returns indicated, would exceed in value as a going concern, the appraised value of the stock and fixtures.

5. The element of good will however is one not susceptible of accurate valuation and the allowance of so large a lump sum as $5000 under the circumstances is excessive.

6. If the $5000 had been ordered paid in installments, bearing no interest, its value would be far below the lump sum ordered paid.

7. Holding these views, the court is of the opinion that the alimony is excessive and the case will be remanded for further proceeding in regard to the alimony.

Judgment affirmed in part and reversed in part.

(Richards and Lloyd, JJ., concur. )

Attorneys—L. C. Feighner and Chas. F. Schaber, Bucyrus, for Dorsey Wirth; O. W. Kennedy, Bucyrus, and Chester A. Meck and C. W. Meck, Toledo, for Nina Wirth.