## RETTERER v RETTERER et

Ohio Appeals, 3rd Dist, Marion Co

No 829. Decided Nov 6, 1935

Carhart, Warner & Carhart, Marion, for plaintiff in error.

William P. Moloney, Marion, for defendants in error.

## OPINION

By GUERNSEY, J.

It is contended by the plaintiff in error that upon the facts and record in this case, the Common Pleas Court had jurisdiction of said action in partition, and that its order and judgment dismissing said petition is contrary to law. The determination of this question involves the construc-

tion and interpretation of the following sections of the General Code, to-wit:

### Sec 10510-2 GC.

"As soon as an executor or administrator ascertains that the personal property in his hands is insufficient to pay all the debts of the deceased, together with the allowance to the widow and children for twelve months, and the costs of administering the estate, he shall commence a civil action in the Probate Court or the Court of Common Pleas for authority to sell the decedent's real estate."

It will be noted that the above section, which became effective January 1, 1932, is almost identical with former §10774 GC, formerly §6136 of the Revised Statutes.

### Sec 10510-36 GC.

"An order to sell the real estate of a deceased person shall not be granted in an action by an executor or administrator, if after the action is commenced and before the order of sale is granted, any person interested in the estate gives bond to the executor or administrator in a sum and with sureties approved by the court, conditioned to pay all debts and legacies found due from the estate, the charges of administration, and the allowance in money to the widow, so far as the personal estate of the deceased is insufficient therefor. If such bond is not given until after the order of sale is granted, and the executor or administrator in reliance thereon abates the action, such bond shall be binding upon the obligors and may be enforced as though given prior to the granting of the order of sale."

This section supercedes and is almost identical with former §10785 GC, formerly §6146, Revised Statutes.

### Sec 12028 GC.

"A person entitled to partition of an estate may file his petition therefor in the Court of Common Pleas setting forth the nature of his title, a pertinent description of the lands, tenements, or hereditaments of which partition is demanded, and naming each tenant in common, coparcener, or other person interested therein, as defendants. When the title to such estate came to such person by descent, or devise upon the death of an inhabitant of this state, a partition thereof shall not be ordered by the court within one year from the date of the death of such person, unless the petition sets forth and it be proved that all debts and claims against the estate of such decedent have been paid, or secured to be paid, or that the personal property of the deceased is sufficient to pay them. (R. S. §5756.)"

### Sec 10510-51 GC.

"If after the institution of proceedings for the partition of the real estate of a deceased person, it is found that the assets in the hands of his executor or administrator are probably insufficient to pay the debts of the estate, together with the allowance of the support of the widow and children of twelve months, the expenses of administration and the legacies, if any, which are a charge upon such real estate, the executor or administrator shall make a written statement to the Probate Court of such assets, indebtedness, expenses and legacies, and the court forthwith shall ascertain the amount necessary to pay such debts, expenses and legacies, and give a certificate thereof to the executor or administrator. (114 v 462. Eff. Jan. 1, 1932)."

This section supercedes and is almost identical in form with former §10818 GC, formerly §6173, Revised Statutes.

### Sec 10510-52 GC.

"The executor or administrator shall thereupon present such certificate to the court in which the proceedings for partition are, or have been pending, and on his motion the court shall order the amount named in the certificate to be paid over to the executor or administrator out of the proceeds of the sale of the premises, if thereafter they are sold, or have already been sold. Nothing herein contained shall prohibit an executor or administrator from proceedings to sell real estate belonging to the estate, for the payment of debts or legacies, although it has been sold on partition or otherwise, or the proceeds of such sale fully distributed. (114 v. 462, Eff. Jan. 1, 1932)."

This section supersedes and is almost identical with former §10819 GC, formerly §6174, Revised Statutes.

The above General Code sections must be considered in connection with the provisions of §8, **Article IV, of the State Constitution,** which reads as follows:

"The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such jurisdiction in habeas corpus, the

issuance of marriage licenses, and for the sale of land by executors, administrators and guardians; and such other jurisdiction, in any county, or counties, as may be provided by law."

The provisions of §6146, Revised Statutes, similar to §10510-36, GC; §5756, Revised Statutes similar to §12028, GC; and §§6173 and 6174, Revised Statutes, similar to §§10510-51 and 10510-52, GC; and §6136 Revised Statutes, similar to §10510-2 GC, were interpreted and construed by the Supreme Court, in the case of Stout et v Stout et, 82 Oh St 358.

In the opinion in that case, at page 360, it is stated:

"The question at issue is in a narrow compass. It is whether or not, upon the decease of a resident of Ohio who dies intestate being seized of real estate situated in this state and owing debt, the heirs at law may have partition of the real estate as against the claim of the administrator to subject the land to the payment of debts of the estate, without giving bond to pay debts, and so forth as required by §6146, Revised Statutes." (Now §10510-36, GC).

and in discussing the right of partition, it is stated:

"The right to partition is controlled by statute. * * * The right thus given is not an unlimited right but is subject to certain specified restrictions. One of those restrictions is that where the title came from an inhabitant of this state partition shall not be ordered within one year from the date of the death of the intestate unless the petition shall set forth and it be proved that all the debts and claims against the estate have been paid, or secured to be paid, or that the personal property of the deceased is insufficient to pay the same."

It will be noted that the provision referred to by the court is the same as now exists in §12028, GC. Commenting upon this provision, the court states:

"This provision is a recognition of the universal rule that the lands of a decedent are subject to the payment of his debts. It is unnecessary to cite authorities to sustain this proposition since it runs through all the legislation and all the decisions of the courts bearing on the subject and the sections of statute respecting partition must be construed in all cases in the light of this principle, * * * It is true that more than a

year from the decease of the intestate had elapsed before, by the answer of the administratrix, the court was advised of the condition of the estate as to debts. But this fact cannot be of significance inasmuch as the provision as to one year, found in §5756, Revised Statutes, (§12028 GC), is merely negative, and by no means implies that a sale might be ordered after the expiration of one year notwithstanding it were made to appear, as it was in this case, that the debts of the estate exceeded the amount of personal property. There is force, too, in the suggestion that the proper inference as to the limit of one year is that a partition suit ought not to be commenced to apart lands of one who was a resident of this state earlier than one year after the decease of the intestate."

"The foregoing conclusion is strengthened by a consideration of the sections heretofore referred to as bearing on the right and duty of the administrator to ask authority to sell real estate to pay debts. Upon it being ascertained that the personalty is insufficient to pay the debts, the procedure provided by §§6136 and 6174, Revised Statutes (§10510-2 et seq., GC) operates upon the res as well as on the parties interest, and gives to the administrator the absolute right to subject the lands in the way prescribed unless advantage is taken by those interested by the interposition of a bond. The first section above cited (similar to §10510-2, GC) in absolute terms requires the executor or administrator so soon as he shall ascertain that the personal estate will be insufficient to pay all the debts, etc., to apply to the Probate or Common Pleas Court for authority to sell the real estate, and then follow, in subsequent sections, minute provisions for the proper conduct of such sales. This absolute requirement is not abridged by any clause of any of the sections following. It is true, as urged by counsel for plaintiffs in error, that provision is made by §§6173 and 6174 (similar to §§10510-51 and 10510-52 GC) for the appropriation to the payment of debts of the proceeds arising from sales in partition proceedings where deficiency of assets is found to exist, but this falls very far short of a provision supplanting an application by the administrator for an order to sell by a suit by the heirs in partition. Indeed, the last clause of the last cited section distinctly neutralizes the proposition claimed. That clause is: 'provided, that nothing herein contained shall be so construed as to prohibit any executor or administrator from proceedings to sell land belonging to such estate to pay any debts, when the

same has been sold on partition or otherwise, or the proceeds of such sale fully distributed.' It is inconceivable to ascribe to the law makers a purpose to authorize a suit in partition by heirs the result of which would be to simply complicate the affairs of the estate, while at the same time the administrator is given authority, as is given by the clause above quoted, to sell to pay debts notwithstanding the sale in partition and the proceeds of the sale fully distributed."

"The action by the administratrix, commenced in the Probate Court for authority to sell the real estate for the payment of debts, was strictly in accordance with the requirements of the statute and with her duty in the premises. All the parties in the partition suit were parties in that suit and it was brought in a court having adequate jurisdiction to work out full relief to all. The partition case was primarily to apart the lands among the heirs, and only incidentally to effect a sale on one contingency. As the land is subject to the payment of debts the right to subject it to sale for that purpose is the superior right. Both cannot prevail. Necessarily the minor one must give way. Therefore, the parties in the partition suit were without legal right or power to compel the administratrix to abandon her proceeding to sell real estate to pay debts brought in a form provided by statute for that purpose, a court which could afford to all parties full and complete relief. It follows, therefore, that the Probate Court acquired jurisdiction, as well of the subject matter as of the parties, at the commencement of the action by the administratrix, and within one year after the decease of Richard Stout, and was proceeding to work out the rights and interests of the parties. Necessarily the case supplanted the partition case in the Common Pleas and that court was justified in so holding and deciding."

While the decision in the foregoing case is based on a state of facts where the action to sell real estate to pay debts was brought by the administratrix within one year of the death of the decedent, the interpretation placed on the statutory provisions makes the rule adopted applicable to any action brought by an administrator to sell real estate to pay debts irrespective of whether it is brought within one year or after the expiration of one year. Under this interpretation it will be noted that the provision of §12028 GC, that partition shall not be ordered by the court within one year from the date of the death of the person

from whom the title descended, unless the petition set forth certain facts as provided in this section, is merely negative and does not imply that a sale may be ordered at the expiration of one year notwithstanding it is made to appear, as it was in the case at bar, that the debts of the estate exceeded the amount of personal property, and that the provisions of §§10510-51 and 10510-52 GC for the appropriation to the payment of debts of the proceeds arising from sales in partition proceedings where deficiency of assets is found to exist do not supplant the provisions of §10510-2, et seq., GC, requiring an administrator so soon as he ascertains that the personal property in his hands is insufficient to pay all the debts of the deceased, to commence a civil action in the Probate Court or the Court of Common Pleas for authority to sell real estate; and that as the land is subject to the payment of debts, the right to subject it to sale for that purpose is the superior right and the action for that purpose supplants a partition case in the Common Pleas Court.

And following this interpretation of the statutory provisions mentioned, it appears that where an action is brought for the partition of lands of a decedent either within one year or after the expiration of one year after the decedent's death, the administrator of such decedent may either bring action to sell such real estate to pay debts or secure and file certificate in the partition proceedings as provided in §10510-51-52 GC, and in case he elects to file action for the sale of the real estate to pay debts, such action supplants the action in partition.

Applying these rules to the facts in the case at bar, it is clear that although the action to partition the real estate was brought more than one year after the death of the decedent from whom the estate came, and that the action brought by the administratrix in the Probate Court was brought more than one year after the death of such decedent, although within one year after her appointment, the action to sell real estate to pay debts supplanted the action in partition, and the judgment of the court dismissing the petition in partition was not erroneous where the plaintiff in partition failed to give bond as provided in §10510-36 GC.

This holding as to the action brought by the administrator to sell real estate to pay debts supplanting the action in partition, is in accordance with the general rules relating to conflict of jurisdiction. In 7 R. C.L. page 1069, it is stated:

"When the pendency of the suit in one court is relied on to defeat a second suit in another court of concurrent jurisdiction, the identity of the parties, of the case made, and of the relief sought, should be such that if the first suit had been decided it could be pleaded in bar as a former adjudication."

It will be noted that the partition case, both by its very nature and under the terms of the statute, could not be pleaded in bar as a former adjudication to the action to sell the real estate brought in the Probate Court by the administrator. Furthermore, in 15 C. J. at page 1141, the rule is laid down:

"But where an action is brought in a court which has not jurisdiction to afford complete relief, a court having such plenary jurisdiction, in which an action in respect to some matter is brought, may assume full jurisdiction and restrain the parties from proceeding further in the court which has not such jurisdiction."

Under the provisions of the constitution and under the General Code, the Probate Court is vested with jurisdiction to afford complete relief to the parties, while jurisdiction of the Common Pleas Court in partition falls far short of providing such complete relief, and consequently the Probate Court had the right to assume jurisdiction to the exclusion of the Common Pleas Court, and the judgment of the Common Pleas Court is similar to a judgment restraining the parties from proceeding in the Court of Common Pleas.

Finding no error, the judgment of the Court of Common Pleas will be affirmed.

CROW, J, concurs.
KLINGER, PJ, dissents.

### DISSENTING OPINION

By KLINGER, PJ.

Under §12028, GC, partition could have been instituted within one year after the death of the ancestor provided the tenant in common bringing the suit, furnish bond conditioned to pay all debts and charges of administering the estate. In the case at bar, four years intervened before suit was instituted by John C. Retterer, one of the tenants in common and heirs at law. The statute does not require any bond to be given after one year, and also recognizes the right to bring partition.

In order to protect creditors of the ancestor from whom the estate came, §10510-52, GC, was enacted which gives creditors full protection but does not give an administrator then appointed, authority to bring suit to sell the property when one of the tenants in common has previously started proceedings in partition. For these reasons I dissent from the majority.

Landis et v Shearer, 25 Oh Ap, page 7, (5 Abs 646) while not parallel to the case at bar, lays down the principle that, in my opinion, should govern in this case as applied to §§10510-52 and 12028, GC, heretofore referred to.