**POTTS, Plaintiff-Appellant v. Potts, Defendant-Appellee.**

Ohio Appeals, Second District, Madison County.

No. 153.  Decided November 13, 1943.

H. H. Crabbe, London, for plaintiff-appellant.
D. M. Richmond, London, for defendant-appellee.

## OPINION

By GEIGER, J.

This is an appeal from the judgment of the Court of Common Pleas of Madison County, Ohio, fixing the alimony allowed by it to Ruth Potts, the plaintiff-appellant. The original petition of the divorce asserted that the defendant, Angus Potts,

was guilty of gross neglect of duty and adultery. The cause was tried, and plaintiff-appellant asserts that the court before hearing all of the evidence stated that enough had been submitted and proceeded to grant the divorce, and fix the alimony. The court in its order confided the custody of the children, until the further order of the court, to the plaintiff, exclusively, with the right of visitation of the defendant. The court further ordered that the plaintiff shall have as and for alimony the household goods then in possession of the plaintiff. It is further ordered that the defendant pay to the plaintiff as a reasonable alimony in money, the sum of $2,200.00, payable— $400 instante and the balance in monthly payments of $50, beginning on August 15, 1943, and continuing until paid in full. It is further ordered that the defendant pay to the plaintiff the sum of $40 per month for the support of the three children of the parties, the first payment to be made on July 15, 1943; and further, that the plaintiff remove herself and her chattel property from the defendant's house.

Notice of appeal from this order of the court was properly filed, and the plaintiff-appellant filed an assignment of error to the effect that the court erred in its allowance of alimony; that the sum of $2,200 awarded plaintiff-appellant is wholly inadequate and not commensurate with the amount of property owned by the defendant-appellee, and with his ability to pay.

The bill of exceptions discloses that the plaintiff is twenty-seven years of age and defendant twenty-two years of age; parties are farmers, and defendant-appellee is the operator of a farm of four hundred acres, on a fifty-fifty basis. The divorce was granted on the allegation of adultery. The petition in the court below was filed on March 16, 1943, and on March 18th the appellee filed a financial statement with the Ceneral National Bank, showing that the defendant's net worth was $9,110.80, in addition to which he owned a one-half interest in certain cattle which, after the divorce, he sold for between $1,500 and $2,000. The defendant-appellee asserted that his indebtedness had increased from $3,600 to $7,000, between the date of his financial statement to the bank and the date of his trial, a part of his increased indebtedness being caused by the purchase of a new automobile and certain farm equipment.

It is urged by counsel for plaintiff-appellant that this increased indebtedness did not diminish his net worth, in that he was the owner of the property for which the money was expended. The plaintiff-appellant states that there were certain natural increases in the value of the stock held by the defendant. The defendant admitted that his net worth was between $10,000 and $12,000. These parties had been married.

for 'a number of years and together had accumulated property of value.

The court below arrived at the conclusion that the amount allotted was a sufficient measure of the plaintiff's interest in the property of the defendant, accumulated during their married life. The order of the court is that the plaintiff-appellant immediately vacate the premises which would, of course, necessitate her securing new quarters for herself and her three minor children. $40 a month is allowed for the care of the three children. We are of the opinion that this amount would furnish three children but a scanty support, and we are also of the opinion that the plaintiff-appellant should have out of her husband's estate a larger sum in cash than that allowed by the court. The court allowed a total of $2,200, a certain amount to be paid at once and the balance to be paid in monthly installments. No one can predict what may be the future ability of a share farmer to earn money upon the property he operates. This farmer shows ability and skill in the present management of the 400 acres of land, and he has property valued at least in the amount stated by him.

We are of the opinion that the plaintiff-appellant should be awarded as alimony not less than $1,000 more than has already been allowed which would make her alimony allowance at least $3,200. The law would, in probability, be better satisfied if the trial court could allow an additional $2,000. Whatever additional may be allowed, as large a portion as possible should be paid in a short period.

As a reviewing court, we have no authority to fix the amount of alimony, but we will remand the case to the Court of Common Pleas for further proceeding, and will state that if additional evidence that may be submitted does not influence us to change our present view, we will not affirm the order of the Court of Common Pleas, hereafter to be made, unless the amount of alimony to be paid by defendant-appellee to plaintiff-appellant be increased in the sum of at least $1,000.

Counsel for appellant advances the argument that if this court increases the alimony to be paid by him that the defendant-appellee will not be able to continue in the management of the farm and that he will, therefore, become merely a farm hand. We are not impressed with this argument, and besides it should have occurred to him before he began his philandering experience with another woman.

Cause remanded to the Court of Common Pleas for further proceedings.

BARNES, P. J. and HORNBECK, J., concur.