### SHIVELY, Plaintiff-Appellant, v. SHIVELY et, Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 2086.    Decided May 25, 1950.

E. H. and W. B. Turner, Clinton S. Courson, Dayton, for plaintiff-appellant.

Irvin Carl Delscamp, Dayton, for Walter O. Shively, defendant-appellee.

Robert E. Cowden, Dayton, for John H. Shively, Sr., defendant-appellee.

## OPINION

By WISEMAN, J:

This is an appeal on questions of law from the Common Pleas Court of Montgomery County, Ohio, Division of Domestic Relations, in which the court decreed a divorce and alimony to the plaintiff.

Plaintiff-appellant appeals from the judgment for the reason that the court denied the plaintiff the right to an award of alimony out of the defendant's assigned distributive share of the proceeds of the sale of the residence which was jointly owned by plaintiff and defendant and which was sold in a partition action in the Common Pleas Court of Montgomery County, Ohio.

The defendant, Walter O. Shively, filed a cross-appeal claiming that the alimony awarded the plaintiff is grossly excessive.

With respect to the factual matters both appeals are submitted to this Court on the separate findings of fact and conclusions of law rendered by the trial court. No bill of exceptions has been filed.

The trial court found that the husband and wife acquired and at the time of the filing of the divorce action each owned the undivided one-half interest in a piece of real estate used as their residence. The husband separated from the wife in 1946. The husband, on December 19, 1947, filed an action in partition in the Common Pleas Court in Montgomery County, Ohio, praying for an order requiring the wife to suffer the sale of her interest therein. That the husband was entitled to an order of partition against the wife was decided by this Court in **Shively v. Shively**, 54 Abs 527, 88 N. E. (2d) 280. The opinion of this Court on this question was rendered November 23, 1948.

The findings of fact further show that the husband con-

tracted debts and was hopelessly insolvent. The husband's brother, who was made a party defendant in this divorce action, loaned the husband ten thousand dollars and co-signed his note for an additional ten thousand dollars to pay such debts. As security therefor, in April, 1948, the husband assigned to his brother his distributive share of the partition sale proceeds. This assignment was recorded on January 10, 1949.

On January 17, 1949, the wife filed this action for divorce and alimony on the grounds of gross neglect of duty and extreme cruelty, and specifically described the residence property which was later sold on partition. The defendant filed a cross-petition for divorce on the grounds of gross neglect of duty and extreme cruelty. In this action the wife moved for a temporary injunction to prevent the husband and his assignee from selling the residence property in the partition action. The motion was denied. Thereupon, the wife filed an action in mandamus in the Supreme Court to compel the respondent judge to allow a temporary restraining order in the divorce action restraining the parties in the partition action from proceeding with the sale of the property. This matter was presented to the Supreme Court on demurrer to the petition. The opinion of the Court in that case is reported under the title: **State ex rel Shively v. Nicholas, Judge, 151 Oh St 179,** 84 N. E. (2d) 918. The court held that a writ of mandamus may be employed to require the exercise of judicial discretion but not to control it. On page 181, in discussing the partition action and the effect of this Court's final order on appeal, the Court says:

"In the partition action the relatrix did avail herself of this remedy, and the Court of Appeals affirmed the decree of the Court of Common Pleas. The fact that the relatrix was unsuccessful in that appeal does not entitle her to substitute a writ of mandamus as an indirect means of perfecting a second appeal.

"In the divorce action the only matters presented to the respondent judge are the requests of the relatrix for a temporary restraining order and for temporary alimony. In denying a restraining order the respondent properly observed that the decree ordering the sale in the partition action had been affirmed by the Court of Appeals and had become final. The respondent trial judge hardly could be required or expected to reverse or interfere with a valid judgment of the Court of Appeals."

After the decision of the Supreme Court was announced

in the mandamus action, an order of sale was taken in the partition action. The property was sold in April, 1949. On April 30, 1949 the court in the divorce action issued a temporary restraining order against the Sheriff of Montgomery County, Ohio, restraining him from disbursing any of the proceeds of the sale, except for the payment of costs, until the final determination of this action.

The divorce and alimony action came on to be heard before Honorable Huber A. Berry, Judge of the Common Pleas Court of Shelby County, Ohio, who sat by assignment as a Judge of the Common Pleas Court of Montgomery County, Ohio. His opinion was announced on June 29, 1949. On request of the wife, plaintiff-appellant, the court rendered a separate findings of fact and conclusions of law on August 8, 1949.

The trial court dismissed the defendant's cross petition and granted a divorce to the plaintiff on the ground of gross neglect of duty and extreme cruelty, and awarded her alimony. No question is raised with respect to granting the divorce to the wife. With respect to the husband's assigned distributive share in the proceeds of the sale of the residence property which was sold in the partition action the trial court rendered conclusions of law as follows:

"3. This Court has jurisdiction to award the wife alimony out of the husband's distributive share of the partition sale proceeds as against the husband had there been no valid assignment prior to the issuance of the temporary restraining order.

"4. The assignment by the husband to his brother of the husband's distributive share of the partition sale proceeds prior to the filing of this action creates intervening rights in the husband's brother and cuts off and is preferable to the wife's right to such an award as against the brother, no fraud having been shown in the trial of the cause by the wife.

"5. The Plaintiff, Adele Shively, has no right to alimony out of Walter O. Shively's distributive share of the proceeds of the sale of the real estate owned by said Walter O. Shively and said Adele Shively, and sold in said partition suit in the Common Pleas Court of Montgomery County, Ohio, as against the Defendant, John H. Shively, Sr.

\*          \*          \*          \*

"7. The assignment by Walter O. Shively to John H. Shively of his distributive share of the proceeds of the sale in the partition suit filed by Walter O. Shively against Adele Shively,

being Case No. 98502 in the Common Pleas Court of Montgomery County, Ohio, was made to secure the payment of a valid indebtedness in the amount of $20,000.00 owing by said Walter O. Shively to John H. Shively at the time such assignment was made, and such assignment was without intent, either by Walter O. Shively, the Assignor, or John H. Shively, the Assignee, to defraud the Plaintiff of her right to alimony in Defendant's property; and such assignment was made prior to the filing of the Plaintiff's petition in this action and the obtaining of a temporary restraining order against the Defendant from transferring his property."

The plaintiff-appellant assigns as her first ground of error the refusal of the trial court to restrain the husband and his brother from selling the residence property and evicting her from said property through the medium of the husband's partition action. This Court held in Shively v. Shively, supra, that the husband may maintain an action in partition against the wife. No appeal was taken from the judgment of this Court. The right to institute and prosecute the action in partition includes the right of the Court to make such orders as will be necessary to carry the action to a complete consummation. The giving of possession to the purchaser, which would require the eviction of the wife, the payment of costs of sale, including compensation to the attorney for the plaintiff for legal services rendered in the partition action, fall in this category.

The granting, or refusal to grant, a restraining order under the facts fell within the sound discretion of the trial court. State ex rel Shively v. Nicholas, Judge, supra. The trial court exercised its discretion by refusing to grant a restraining order at that stage of the proceedings. With respect to this order we find no abuse of discretion. Subsequently, and seasonably, the trial court did grant a temporary order restraining the sheriff from distributing the proceeds of the sale until the final determination of the action for divorce and alimony. This restraining order protected the plaintiff in the event the Court should later find the assignment to the brother to be invalid and, also, found that the plaintiff was entitled to an award of alimony out of the husband's distributive share of the proceeds of the sale.

The plaintiff-appellant contends for her second assignment of error that the trial court erred in denying the wife's right to an award of alimony out of the husband's interest in the home itself or out of "assigned distributive share of the partition sale proceeds." Under this assignment of error counsel for appellant urges two propositions:

"Issue I. The prior-attaching jurisdiction in the husband's action to partition the jointly-owned home did not exclude or bar the trial court from subsequently acquiring the jurisdiction in the wife's Domestic Relations action to award the wife alimony out of the husband's undivided interest in the home itself.

"Issue II. Such subsequently acquired jurisdiction in the wife's Domestic Relations action superseded, prevailed over and rendered nugatory the prior-attaching jurisdiction in the husband's partition action."

Appellant contends that from the filing of the action for divorce and alimony the jurisdiction of the court in the partition action was ousted. The question of law raised is of some importance due to the practice of filing a partition action by either the husband or wife against the other before a divorce action is instituted. Counsel for appellant approaches this matter from the viewpoint of conflict of jurisdiction. It is conceded that the general rule is that as between courts of concurrent and co-extensive jurisdiction, the court whose power is first invoked acquires the right to adjudicate upon the whole issue, to the exclusion of all other tribunals. **Vol. 11 O. Jur., Page 726, Section 81.** But it is claimed that the issue presented here requires the application of the well-established exception to the general rule, which is that the general rule has no application where the powers of the court first acquiring control of the subject of the litigation are so far limited, or defective, as to be unable to afford that relief to the parties to which they are either legally or equitably entitled. **Vol. 11 O. Jur., Page 730, Section 83,** Vol. 14, Am. Jur., Page 436, Section 243. In support of the last mentioned rule appellant cites numerous cases. In **Dwyer v. Garlough, 31 Oh St 158,** it was held that a prior assignment for the benefit of creditors does not exclude or bar a subsequent mortgage foreclosure action in the Court of Common Pleas. In that case the court points out that the Probate Court was limited in its remedy in that it could not sell inchoate dower rights, whereas the mortgagee could foreclose since the wife had signed the mortgage. In **Robinson v. William, 62 Oh St 401,** 57 N. E. 55, a foreclosure in the Common Pleas Court proceedings prevented a sale by assignee in the Probate Court. However, the court points out that the inadequate remedy in the Probate Court was due to the fact that other property was involved in the foreclosure action which was not embraced in the assignment. In **Hatch, Exrx v. Tipton, 131 Oh St 364,** 2 N. E. (2d) 875,

it was held that a prior partition action would not prevent a subsequent land sale proceeding in the Probate Court by the executrix of one of the co-tenants who died after the partition action had been instituted. Here again the court points out that the land sale proceedings afforded a more complete remedy. The case really turned on the effect of §10510-10 GC, which permits the sale of a fractional interest in a land sale proceeding in the Probate Court and the owners of other fractional interests may be made parties defendant and their interests subjected to a sale. In **Stout v. Stout, 82 Oh St 358, 92 N. E. 465**, the court held that it is the duty of the personal representative of the decedent to institute a land sale proceeding to pay debts unless the requisite bond is interposed. In **Retterer v. Retterer, 20 Abs 393**, the court rests its opinion on the duty enjoined on the administratrix to institute a land sale proceeding to pay debts under the provisions of §10510-2 GC, notwithstanding the prior filing of a partition action. See §10510-52 GC. The court, in **Allen v Million, 35 Abs 13, 39 N. E. (2d) 880**, follows the Retterer case. It has been held that the mere filing of a foreclosure action in a court of Common Pleas, without a showing of more, does not in and of itself oust jurisdiction of the Probate Court in a prior assignment proceedings. **Havens v. Horton, 53 Oh St 342, 41 N. E. 253.** In **Fourman v. Fourman, 20 O. O. 54**, Judge Mills of the Common Pleas Court of Montgomery County, Ohio, decided that while an action for divorce and alimony was pending between the husband and wife in the Court of Domestic Relations, a partition suit can be filed in the Court of Common Pleas of the same county making the plaintiff in the divorce case defendant in the partition suit. In that case the court very properly applied the doctrine of lis pendens inasmuch as the property in question was specifically described in the divorce action. In the instant case, the doctrine of lis pendens applies and, therefore, affected the rights of any person dealing with the property in question after the institution of the action for divorce and alimony inasmuch as the action for divorce and alimony specifically described the property sought to be sold in the partition action. No injunctive order was necessary. **Cook v. Mozer, 108 Oh St 30, 36, 140 N. E. 590; Railroad Co. v. Brennan, 50 Oh St 589, 34 N. E. 1089; Tolerton v. Williard, 30 Oh St 579;** Fletcher v. Fletcher, 15 C. C. 271, and **Shafer v. Buckeye State Building and Loan Co., 37 Abs 62, 45 N. E. (2d) 421.** However, it is not necessary to apply the doctrine of lis pendens to the rights of the assignee of the husband and no injunctive order against him was necessary for the reason

that the assignee of the husband is made a party-defendant to the divorce and alimony action. In Locsaj v. Angelo, the Court of Appeals for Belmont County recently had before it an appeal in a divorce and alimony action and also an appeal in a partition action involving the same parties. The court held that the partition action could be maintained. However, it does not appear that the questions raised herein were presented to the court in that case. That case is now pending in the Supreme Court. It does not follow that because a land sale proceeding in Probate Court supersedes and renders nugatory a partition action in the Common Pleas Court, which was held in Hatch, Exrx. v. Tipton, supra, that a **divorce and alimony action** supersedes and renders nugatory a partition action filed in the same court.

We now consider the nature of the actions involved and the extent of the jurisdiction of the court in each action. An action for divorce is statutory and not equitable. **McPherson v. McPherson, 153 Oh St 82, 91, 90 N. E. (2d) 675; Mark v. Mark, 145 Oh St 301, 308, 61 N. E. (2d) 595, 599.** An action for alimony does not invoke the equity powers of the court, but is controlled by statute. **In re Cattell, 146 Oh St 112, 119, 64 N. E. (2d) 416; Durham v. Durham, 104 Oh St 7, 9, 135 N. E. 280; Marleau v. Marleau, 95 Oh St 162, 165, 115 N. E. 1009; DeWitt v. DeWitt, 67 Oh St 340, 347, 350, 66 N. E. 136; Owens v. Owens, 85 Oh Ap 414, 88 N. E. (2d) 922; McQuain v. McQuain, 55 Oh Ap 505, 509, 9 N. E. (2d) 893.** Manifestly, the trial court in the instant divorce and alimony action exercised a limited jurisdiction, only that given by statute, and could not invoke equity powers.

Although a statutory action in partition is a civil action under the Code, it is equitable in nature. **30 O. Jur., pp. 880, 882, 885.** In a partition action the court may invoke the powers of a court of chancery. **Wagner v. Armstrong, 93 Oh St 443, 113 N. E. 397; Smith v. Rymkus, 73 Oh Ap 225, 228, 55 N. E. (2d) 676.** The Common Pleas Court of Montgomery County, Ohio, in the partition action, exercised general equitable powers. It has been held that where a court of law and a court of equity have concurrent jurisdiction the latter will, in certain instances, prevail over the former. In Dwyer v. Garlough, supra, the court, on page 160, held: "Where a court of law and court of equity have concurrent jurisdictions over the same subject, it frequently happens that the former tribunal, because of inadequate or limited powers, is unable to afford that relief which a party has a right to demand, and which a court of equity is fully competent to give. In such case, a court of equity is clothed with com-

plete jurisdiction, and if necessary to the full protection of the rights of a party, will enjoin further proceedings in the action at law."

The jurisdiction of the court first acquiring control over the subject of the litigation will be required to yield to a second action only where the court in the second action has the power to grant all the relief asked in the first suit and some additional remedy, in which its jurisdiction is found to be more adequate and complete. The inability of the court in the divorce and alimony action to exercise the powers of the court of general jurisdiction required in the prosecution of the action in partition is easily recognizable. The dissimilarity of the two actions and the relief sought is apparent. A temporary restraining order was granted restraining the disbursing of the funds in the partition action until the final determination of the divorce and alimony action. This order was wholly effective to protect such rights in the fund as the wife may be given by decree, if any. It is conceivable that upon the final determination of the divorce and alimony action the court may decide not to give the wife any alimony or at least not subject the husband's interest in the real estate to a charge or a lien for the payment of alimony. The court having found the assignment of the husband's interest to the brother to be valid the court did not decree alimony to the wife out of this fund.

While we have discussed at length the question of conflict of jurisdiction because it was urged so strongly by counsel for the appellant, we are of the opinion that a real conflict of jurisdiction did not exist. The partition action, and the divorce and alimony action, were filed in the same county and in the same court. The two actions were dissimilar in character, the one statutory and the other equitable in nature. Under §1532 GC, the judge of the Division of Domestic Relations is a judge of the Common Pleas Court of Montgomery County, Ohio. The same court had jurisdiction of both actions. The court had a right to proceed to a sale of the property in the partition action. The court in the divorce and alimony action had a right to and did temporarily enjoin the distribution of the fund.

We find no basis for the contention that the filing of the divorce and alimony action ousted the jurisdiction of the court in the partition action.

Was the right which the husband had in the proceeds of the sale of the real estate assignable? We think so. In **Vol. 3, O. Jur., page 246, Section 3,** the rule is stated as follows:

"It may be stated as a general rule that all rights ad rem and in re, vested or contingent, possibilities coupled with an interest, and claims growing out of and adhering to property, both ex contractu and ex delicto, may pass by assignment."

In **Comer et al v. Dodson et al, 22 Oh St 615,** the syllabus in part reads as follows:

"Where one of the parties in a proceeding in partition, during the pendency of the case, assigned to several persons specified amounts of his share of the money to be realized from a contemplated sale of the land, and afterward a creditor of the same party obtained judgment against him and levied an execution on his undivided interest in the land, also at the same time proceeded by cross-petition to subject such interest to the payment of the judgment, and the proceeding in partition resulted in a sale of the land: Held—
"1. The lien acquired by the judgment creditor on the interest of the debtor in the land, was divested by the sale in partition, and his equitable right to that portion of the proceeds of the sale belonging to the debtor, having accrued after a part thereof had been assigned by the debtor, is subordinate to the rights of the assignees, and, in the distribution of the fund, the amount assigned to them must be first paid."

In **Shafer v. Buckeye State Building and Loan Co., 37 Abs 62, 45 N. E. (2d) 421,** this Court in following the Comer case, held:

"2. A cotenant in a partition proceeding may, during its pendency, transfer his interest or encumber it, which may not affect the principal purpose of the suit, namely, to apart the land or to sell it, and if it be sold under court order, the rights and priority of those claiming under the cotenant will be transferred to the fund produced by the sale of the cotenant's share of land."

See also Ferguson v. Cackler, 4 O. N. P. 392. The trial court found in the instant case that the assignment to the brother was made in good faith and for value, that it was not made for the purpose of defrauding the plaintiff. The assignment was made and recorded in the partition suit prior to the time the divorce action was instituted. The assignment was valid

and effectual to bind the husband's interest in the proceeds of the sale of the real estate.

We now consider the cross-appeal filed by the defendant. For his only assignment of error the defendant claims that the alimony awarded plaintiff is grossly excessive. When a divorce is granted to the wife for the aggression of the husband, she shall be allowed such alimony out of his property as the court deems reasonable and equitable. §§11990 and 11991 GC. 14 O. Jur., page 465. The court should consider the pecuniary circumstances and earning capacity of both parties in fixing the amount of alimony to be allowed. 14 O. Jur., page 476. Broad discretion is allowed the trial court in making an award of alimony and unless the action taken is manifestly unjust and inequitable the award will not be disturbed. The amount of the allowance, in the discretion of the court, may be determined with respect to the necessities of the wife and the financial ability of the husband. The Appellate Court, in reviewing the judgment of the trial court, has the power to review the exercise of judicial discretion by the trial court. **McGinnis v. McGinnis, 9 Oh Ap 81; Hathaway v. Hathaway, 3 Abs 228; Wirth v. Wirth, 5 Abs 148; Rodenberg v. Rodenberg, 35 Abs 475, 41 N. E. (2d) 266; Potts v. Potts, 40 Abs 54, 67 N. E. (2d) 326; Mooney v. Mooney, 48 Abs 229, 74 N. E. (2d) 272.**

In the instant case the trial court found that the husband, for a period of 19 months after he left the home, contributed twenty dollars per week toward the wife's support; that the wife had in her possession all of the property owned by the husband, or in which he held an interest, as follows:

Proceeds in the amount of $434.36 derived from the sale of U. S. Bonds issued in the name of husband and wife

20 shares common stock National Cash Register Company in name of husband.

20 shares common stock in Allied Stores, Inc., in name of husband

20 shares common stock in Coty, Inc., in name of husband

20 shares common stock in Coty, Int., in name of husband

$507.18 in cash withdrawn by the wife from a joint account in Peoples Bank, on or about March 16, 1946

Household furniture and equipment of every kind formerly in the residence occupied by the husband wife

A $2,000.00 life insurance policy issued on the life of the husband in which the wife is designated as beneficiary

The trial court further found that the husband has no other property except his future personal earnings and is indebted in a total amount of $13,500.00.

As heretofore stated, the court found the assignment to the brother of the husband's distributive share of the proceeds of the sale to be valid and found that the wife was not entitled to alimony out of this fund. The court, in its final order, dissolved the restraining order issued against the sheriff restraining him from distributing the proceeds of the sale. After the appeal was perfected, this Court issued an order against the sheriff restraining him from distributing the proceeds of the sale in the partition action.

No doubt a complete bill of exceptions would have disclosed how and from what source the property was acquired, the value of said property, the age of the parties and their state of health, the husband's earning power and other facts which the Court may consider in determining an award of alimony. A complete record would have been extremely helpful in determining whether the award was fair and just. Although the findings and the decree are silent on the matter, it is admitted in the pleadings that there are no children. The answer alleges, and it is not denied, that the wife was about fifty-five years of age and the husband about fifty years of age. The husband also alleges in his answer, which is not denied, that he purchased the United States Bonds and the shares of stock in the National Cash Register Company, Allied Stores, Inc., Coty, Inc. and Coty, International; that he purchased with his own money all the household furniture before and after their marriage, which is reasonably worth $1,500.00. The trial court made no finding with respect to these matters. The failure to so find does not deprive the reviewing court of the right to consider such admitted and uncontroverted facts. Under §11329 GC, every material allegation of new matter in an answer not controverted by the reply shall be taken as true. See **Oliver v. Moore, 23 Oh St 473; Reiff v. Mullholland, et al., 65 Oh St 178,** 62 N. E. 124; **Rothman v. Engel, 97 Oh St 77,** 119 N. E. 250.

The award of alimony is as follows:

"It is further ordered that Plaintiff be awarded as and for her alimony from the Defendant herein all stocks, bonds, furniture, household goods and the balance of cash from jointly owned bonds previously sold by Plaintiff, together with the sum of Twenty Four Hundred ($2400.00) Dollars, payable at the rate of One Hundred ($100.00) Dollars per month from the earnings of the Defendant, Walter O. Shively, beginning the first month after the entry granting the divorce and alimony to the Plaintiff in this case becomes effective."

Under the decree the wife will receive all the property owned by the husband, or jointly owned, and all money, amounting to approximately $941.54, all shares of stock, household furniture, and in addition is directed to pay the wife $2,400.00 out of his future earnings.

It will be noted that the statutes (§§11990 and 11991 GC), authorize the court to award such alimony out of the husband's property as the court deems reasonable and equitable. Formerly, the rule, which is still adhered to in some jurisdictions, was that an award of one-third or one-half of the property of the husband was deemed reasonable and equitable. Vol. 17 Am. Jur., page 469, Section 600. However, the modern trend is to award a much larger share to the wife if the circumstances warrant such larger award. The Ohio cases follow the more liberal rule. In Vol. 27 C. J. S. 970, the general rule, which seems to be the Ohio rule, is stated thus:

"There is no fixed rule for the determination of the amount of alimony; the amount to be awarded depends upon all the relevant circumstances, in the light of which it must be just and reasonable. The determination of the amount, rests in the sound discretion of the Court."

On page 978 the text is as follows:

"While it has been held that an award of all the husband's property to the wife is unwarranted, there are cases in which this has been done."

In the footnote three cases are cited where the whole estate of the husband was awarded to the wife. In Simpson v. Simpson, 201 Ky. 282, 256 S. W. 412, the court held that in no case is the chancellor warranted in taking all the property of the husband as alimony for the wife. Mitchell v. Mitchell, 39 Wash. 431, 81 P. 913, where the wife was sickly and had the care of minor children, all the property being valued at $1,600.00, and where the husband was strong and able-bodied, the court upheld the award of all the property to the wife. In Ramsdell v. Ramsdell, 47 Washington 444, 92 P. 278, where the wife had the care of a minor child, all of the property of the husband of the value of $2,400.00 was awarded to the wife, and this award was not disturbed by the reviewing court.

While it is conceded that there may be circumstances under which it would be reasonable and equitable to award all the property of the husband to the wife as alimony, one member of the Court does not believe that the facts and circumstances

in this case justify such award; that the statutes controlling do not authorize the Court to impoverish the husband, or. award alimony as punitive damages. Vol. 27 C. J. S. 970, 971. One member of the Court believes that where there are no minor children involved, and where from the state of the record it may reasonably be found that all the property owned by the husband, or jointly with his wife, was acquired through the husband's own efforts before and after the marriage, a decree awarding all such property to the wife as alimony, and directing the husband to pay to the wife $2,400.00 in installments out of his future earnings, leaving the husband without any property whatever and with a valid indebtedness of $13,500.00 is neither reasonable, just, nor equitable. The majority of the Court is of opinion that we may not say the award is excessive. The trial judge had the right to make determination as to an equitable award of the property and to consider the most appropriate means of assuring to the plaintiff the full amount of that award. The Court had the right to make an alimony award in a lump sum, payable at once or in installments, which would include support for the plaintiff. There was a disparity of five years in the ages of· these parties. Had the Court made an award for support of $100.00 per month to the plaintiff it would not require many months to equal the total value of the property decreed to the plaintiff. In the light of the fact that the defendant had been improvident and had spent beyond his means and had incurred heavy indebtedness, the trial judge may have concluded that the only safe procedure to assure the payment of a sum to which the plaintiff would clearly be entitled would be by an award of the tangible property which the Court could reach. In the situation thus presented to the trial judge we cannot say that the award in the amount and the form in which it was ordered is excessive.

The judgment will therefore be affirmed and the restraining order heretofore issued against the sheriff· dissolved.

MILLER, PJ, and HORNBECK, J, concur.