ROBINSON, PLAINTIFF, v. ROBINSON ET, DEFENDANT.

Common Pleas Court, Highland County.

No. 19638.   Decided March 7, 1964.

Messrs. Wilson, Wilson & Wilson, Mr. Charles H. Wilson, of counsel, for plaintiff.

Messrs. Hapner & Hapner, Mr. James D. Hapner, of counsel, for defendant.

206

HOTTLE, J. Defendant has filed his motion to dismiss the within action or, alternatively, to enjoin distribution of the proceeds from a sale of the property described in this partition action. This matter has been argued orally by both parties' counsel, and a rather troublesome question is presented.

Plaintiff filed her partition action the same date as her divorce action, the former being No. 19638 and the latter being No. 19639 in this Court: personal services of summons on both cases were effected on the same date. Does the divorce oust jurisdiction over the partition?

Plaintiff cites *Shively* v. *Shively*, 88 Ohio App., 7, as authority that the Court does not have the power or right to grant Defendant's motion. It is important to note that this decision is dated May 25, 1950. The Supreme Court in *Miller* v. *Miller*, 154 Oh St., 530, decided February 14, 1951, held in the first syllabus:

In an action for divorce, alimony and support of minor children, the Court of Common Pleas does not possess general equity powers but can exercise only such power as the statutes expressly give and such as is necessary to make its orders and decrees effective. (*Marleau* v. *Marleau*, 95 Ohio St., 162, approved and followed.)

During the same year, on May 28, 1951, approval was signed to amended Senate Bill No. 65 which included amendment to then Section 8003-21, General Code, formally Section 11996, General Code (now Section 3105.20, Revised Code), 124 Laws of Ohio 178 at 187. The words "In any matter concerning domestic relations, the court of common pleas shall not be deemed to be deprived of its full equity powers and jurisdiction.", were added as a part of the amendment.

The *Shively case, supra,* cited by Plaintiff, stated at page 16 "an action for alimony does not invoke the equity powers of the Court, but is controlled by statute." Several cases are

then cited. At page 458 of *Clark* v. *Clark*, 165 Ohio St., 457, decided July 18, 1956, Chief Justice Weygandt considered all the Supreme Court decisions cited at the above-stated place in *Shively*, and thereafter stated on said pages 458 and 459 that which was carried into the second syllabus which reads:

In the exercise of its full equity powers and jurisdiction in such an action, the trial court is authorized to adjudicate a complete dissolution of the marriage relationship, including a determination of the rights of the parties to alimony and to a division of property.

The first syllabus reads:

Under the provisions of amended Section 3105.20, Revised Code, in any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction.

A decision concerning the attack by partition upon and after a divorce decree awarding a division of property follows *Clark* immediately, *Arbogast* v. *Arbogast*, 165 Ohio St., 459. In a later pronouncement, *Griste* v. *Griste*, 171 Ohio St., 160, the Court approved and followed *Clark*. The syllabus reads:

Under the provisions of Section 3105.20, Revised Code, in any matter concerning domestic relations, the Court shall not be deemed to be deprived of its full equity powers and jurisdiction.

The exercise of the full equity powers and jurisdiction in an alimony or divorce action includes the authority to determine the rights of the parties to alimony and a division of property. (*Clark* v. *Clark*, 165 Ohio St., 457, approved and followed.)

By the latter syllabus and discussion at page 163, the Court strikes down any suspected distinction between an action for divorce or one for alimony alone.

Other interesting, if not pertinent, history of the statutory changes is that Sec. 11990, General Code; Divorce for aggression of husband; Section 11991, General Code, Alimony in such cases; Section 11992, General Code, Husband's alimony; Section 11993, Divorce for aggression of wife were all in part, if not entirely, encompassed by said 1951 Act into Sections 8003-17 and 8003-19, General Code. (See comments under such

sections in *Domestic Relations Law of Ohio-Anderson* 1951.) These two latter sections as far as relates to alimony are encompassed by the present Section 3105.18, Revised Code. (See comments under Sections 3105.16 and 3105.18, Revised Code, *Page's Ohio Revised Code Annotated*.)

Therefore, both husband and wife stand on equal statutory footing and the Court has greater equity powers relating to division of property and alimony than prior to the amendment.

The statutory proceeding for partition in Ohio is equitable in nature. 41 Ohio Jurisprudence (2d), Sec. 49, Partition.

Enabling legislation extends the scope of jurisdiction of equity. 20 Ohio Jurisprudence (2d), Sec. 10, Equity. The highest Court of Ohio has interpreted the domestic relations equity statutory provision, Section 3105.20, Revised Code, as one which permits the Court to exercise *full* equity powers and jurisdiction. *Clark, supra; Griste, supra.*

The amendment as contained in Section 3105.20, Revised Code, was made by the legislature with knowledge of the partition statutes, 50 Ohio Jurisprudence (2d), Sec. 215 and 217, Statutes. The writer hereof considers the statutes involved here as "in pari materia" Section 218, *ibid; State, ex rel.* v. *Weygandt*, 164 Ohio St., 463, syllabus 2; *In re: Estate of Millward*, 166 Ohio St., 243 at 246.

Although the *Shively case, supra*, differs from the instant case in that it involved two judges, it was in the same Court as the partition action was. The writer hereof cannot agree entirely with the Court's statement in *Shively* at page 17—in part because of the change in statutory provisions as already pointed out, and in part, because of different thinking.

The Court said at page 17:

"In *Dwyer* v. *Garlough, supra*, the Court on page 160 held: 'Where a court of law and a court of equity have concurrent jurisdictions over the same subject, it frequently happens that the former tribunal, because of inadequate or limited powers, is unable to afford that relief which a party has a right to demand, and which a court of equity is fully competent to give. In such case, a court of equity is clothed with complete jurisdiction, and if necsesary to the full protection of the rights of a

party, will enjoin further proceedings in the action of law."

The jurisdiction of the court first acquiring control over the subject of the litigation will be required to yield to a second action only where the court in the second action has the power to grant all the relief asked in the first suit and some additional remedy, in which its jurisdiction is found to be more adequate and complete. The inability of the court in the divorce and alimony action to exercise the powers of a court of general jurisdiction required in the prosecution of the action in partition is easily recognizable. The dissimilarity of the two actions and the relief sought is apparent. A temporary restraining order was granted restraining the disbursing of the funds in the partition action until the final determination of the divorce and alimony action. This order was wholly effective to protect such rights in the fund as the wife may be given by decree, if any. It is conceivable that upon the final determination of the divorce and alimony action the court may decide not to give the wife any alimony or at least not subject the husband's interest in the real estate to a charge or a lien for the payment of alimony.

The two actions were dissimilar in character, the one statutory and the other equitable in nature. Under Section 1532, General Code, the judge of the Division of Domestic Relations is a judge of the Common Pleas Court of Montgomery County. The same court had jurisdiction of both actions. The Court had a right to proceed to a sale of the property in the partition action. The court in the divorce and alimony action had a right to and did temporarily enjoin the distribution of the fund.

We find no basis for the contention that the filing of the divorce and alimony action ousted the jurisdiction of the court in partition action.

Because of legislation, the "inability" has been removed and no longer exists. A temporary restraining order would not be wholly effective in every domestic relations action to protect the rights of a litigant wife or husband. There are situations in which a present home, owned entirely or in part by the parties or one of them, is suitable for the housing of one of them or of one and the children involved; and from the sale of which insufficient funds would result to purchase or rent an-

other suitable home. Is not the Court prevented to use or limited in the use of its *full* equity powers provided by Section 3105.20, Revised Code, if the partition action proceeds? This writer believes so, and points out that here "the Court in the second case has the power to grant all the relief asked in the first suit and some additional remedy, in which its jurisdiction is found to be more adequate and complete." *Shively ibid.*

Therefore, because of the statutory authority and because of the more complete remedy available in the divorce action here, all proceedings as to sale of the property described in the partition herein are stayed until further order of this Court. Pleadings and rule days applying thereto are not affected hereby.

It is noted that Plaintiff was careful to make no mention of real property—let alone describe it in the divorce petition—however she therein prayed "for such other and further relief as is just and equitable," and thereby provides such pleading authority as necessary if, indeed, such is prerequisite for such determination—that question is not decided here. *Arbogast, supra*, at page 461, last full paragraph.

The Court decides here that in a situation in which partition and divorce actions are filed on the same day in the order named, with immediately successive case numbers on the Court docket, personal service of summons in both cases are effected the same day, there are minor children involved, the divorce petition does not mention or describe real property of the parties but does include a prayer for equitable relief, that the Court has the power and discretion to stay and enjoin such proceedings in the partition action as relate to effecting sale of the real property described in the partition.

The matter of bond by reason of such stay is reserved for hearing and determination.

Defendant's motion is granted as indicated and overruled otherwise. Defendant's counsel will draw proper entry reserving exceptions to the parties as adversely affected, submit same per rule.